## THE STATE OF ARKANSAS VS. CLARK.

CRIMINAL LAW: *Former jeopardy, etc.*

    The defendant was indicted for the larceny of several articles, tried and
    convicted as to a part of the articles, and a new trial granted him; a new
    indictment was afterward found against him for the same larceny, but
    embracing some additional articles, and the original indictment was
    quashed. Held, *first*, the indictment being good, the defendant could not
    be put in jeopardy again on that, or a subsequent indictment, as to the
    articles which he was acquitted of stealing, or other articles embraced in
    the larceny, but not included in the first indictment; *second*, as to the
    articles he was found guilty of stealing. under the first indictment, he
    was in the same attitude as if there had been no trial, and could be tried
    again upon the second indictment.

APPEAL from *Clark* Circuit Court.

Hon. L. J. JOYNER, Circuit Judge.

*Attorney General* for the State.

*Gallagher & Newton, contra.*

ENGLISH, CH. J.:

On the 1st of December, 1875, Aaron Clark was indicted for larceny in the Circuit Court of Clark County.

The indictment charged him with stealing, on the 15th May, 1875:

One package of Smoking Tobacco, of the value
of................................................................$ 1 00
One Plug of Tobacco, of the value of............  1 00
One pair of Kid Gloves, of the value of..........  1 00
One Treasury Note of the United States, com-
monly called Greenback, of the denomination
of five dollars, and of the value of..............  5 00
One Ten-Dollar Bill, commonly called Green-
back, of the value of................................ 10 00

of the goods and chattels of one James Strong.

On the 7th of December, 1875, he was tried on the plea of not guilty, and the jury returned the following verdict.

"We, the jury, find the defendant guilty of feloniously stealing one five-dollar greenback bill, $5; one pair of kid gloves, $1.50; one package smoking tobacco, 75 cents—$7.25."

The defendant filed a motion for a new trial, which, on the 22d day of December, 1875, the court granted.

At the April Term, 1876, the grand jury returned a new bill of indictment against him for the same larceny.

The second indictment charged him with stealing a package of smoking tobacco, of the value of $1; and pair of kid gloves, of the value of $2; one treasury note of the United States, commonly called greenback of the denomination of five dollars, and of the value of $5; and two national bank bills, each of the denomination of five dollars, commonly called national currency, and each of said bills, of the value of $5.

The only difference between the first and second indictment is, that the value of kid gloves is alleged in the first at $1, and in the second at $2, and in the first, he is charged with stealing "one

ten-dollar bill, commonly called greenback," etc; and in the second, instead thereof, he is charged with stealing "two national bank bills, each of the denomination of five dollars, commonly called national currency," etc.

At the October Term, 1876, it appearing to the court, that another indictment had been found by the grand jury against defendant for the same offense, it was ordered by the court, that the first indictment be quashed.

To the second indictment the defendant pleaded, that he had once been in jeopardy for the same offense: the court sustained the plea, discharged defendant, and the State appealed.

By the verdict on the first indictment, the defendant was convicted of stealing the five-dollar United States treasury, or greenback bill; the pair of kid gloves, and the package of smoking tobacco, described in the indictment; and he was, in legal effect, acquitted of stealing the plug of tobacco, and the ten-dollar bill, commonly called greenback. *Johnson* v. *The State*, 29 Ark., 31. The indictment being good on which this acquittal was had, he never could be put in jeopardy again on that indictment, or on any subsequent indictment, for stealing the same articles. The acquittal is a perpetual bar, though the court after granting him a new trial as to the articles which he was convicted for stealing, and after the second indictment was found, quashed the first indictment on which he was tried. The court could not deprive him of the bar by quashing the indictment, for the reason that a second indictment had been found for the same offense, and not because the first indictment was bad.

In legal effect, he asked for a new trial, on so much of the indictment as charged him with stealing the articles which the jury found him guilty of stealing, and the court granted it. He then stood just as though he had never been tried on the indictment as to these articles.

In this attitude of the case, a new indictment was found against him for the same offense, and the court thought proper to quash the first indictment, on which he had been tried, under sec. 1803, Gantt's Digest; and now the question is, can he be tried on this second indictment for stealing the articles which he was convicted of stealing under the first indictment, and as to which he was granted a new trial?

We have been able to find but one case in point, and that is, *The State* v. *Harresby*, 8 Robinson (La.), 583.

Harresby was indicted and tried for murder, in the District Criminal Court, and found guilty, by the jury, of manslaughter; he moved for a new trial which was refused, and he was sentenced on the verdict. He appealed to the Supreme Court; and the judgment was by it reversed, and the cause remanded with direction to the inferior court to grant him a new trial. After the cause was remanded, a new indictment was preferred against him for the same manslaughter, and a *nolle prosequi* entered on the first indictment. He was arraigned on the second indictment, and pleaded the foregoing facts as a former acquittal or jeopardy. The State demurred to the plea, and the demurrer was sustained, and on appeal to the Supreme Court, the judgment on the demurrer was approved.

The Judge delivering the opinion of the court, after holding that a new trial could be granted the defendant on conviction of a felony, though such was not the practice in England, said: "It is not disputed, that the new trial was awarded at the prayer of the defendant, * * * yet it has been argued, that in seeking and obtaining the new trial, the defendant did not, by legal intendment, consent to be tried on any other than the first indictment, the quashing of which, under the circumstances, was, it is said, equivalent to an acquittal. Upon mature reflection, we think that no such pretension can be legitimately set up by the

defendant. He took the new trial with all its legal consequences and contingincies; and if the attorney general, anterior to the first trial, or to the empannelling of a jury for the purpose of a trial, could have entered, as we doubt not he could, a *nolle prosequi* on the indictment which was then pending for murder, and institute another instantly for manslaughter, without thereby acquitting the accused by judgment of law, he certainly had an equal right to adopt that course after the new trial was awarded, at the time he did exercise it with the leave of the court. All former proceedings were set aside, and the party stood as if he had not been tried at all. It is true, the verdict of manslaughter was a virtual acquittal of the charge of murder, for which grade of homicide the accused could not have been again constitutionally put on his trial, under the first indictment or a second; yet it would be a legal solecism to say that he was acquitted of manslaughter, when he was convicted of that offense by the finding of the jury, which was an insuperable barrier to a verdict for murder only, on a second trial. The new trial having been granted, in reference to the fact, whether the homicide was manslaughter or not. In other words, the new trial was granted as to the crime of which the accused was found guilty, the indictment affording only the form of bringing the crime before the court. The homicide was always the same fact. It was pronounced manslaughter by the jury.

"The accused succeeded in setting that verdict aside, to be tried again for the same fact. It was the fact and not the form of bringing it before the court, which the accused succeeded in having ordered to be tried again, and the fact is now brought before the court in a form most favorable to the accused. It is a rule of law, that if a man indicted for murder is found guilty of manslaughter, he can not again be indicted for murder, if the first indictment were a good one; and if, in such a case, a new

trial is awarded, it may be on the indictment for murder, because an indictment for murder includes an accusation for manslaughter. We can see, however, no legal reason, why, in a case like the present, the attorney general might not enter a *nolle prosequi* on the indictment for murder, on the trial of which manslaughter was the verdict, and a new trial granted, and prefer one simultaneously for the manslaughter. It neither compromises, delays, nor takes away from the accused any right or privilege, whilst it simplifies the prosecution."

On principle, there is no material difference between the case from which we have quoted and the one now before us. In that, a *nolle prosequi* was entered on the first indictment, on the finding of the second : in this, after the finding of the second indictment, the court quashed the first, because the second indictment was for the same larceny, and not because the first indictment was bad.

We hold therefore that the appellee may be legally tried on the second indictment for stealing the same articles which he was convicted for stealing, by the verdict of the jury on the first indictment, and as to which a new trial was granted him : but he cannot be tried again for stealing the other articles described in the first indictment, because as to them he was, as we have shown, in legal effect, acquitted by the verdict;

And we think the better American rule is, though the English rule seems to be to the contrary, that appellee cannot be tried for stealing the "two national bank bills, each of the denomination of five dollars, commonly called national currency." which he is charged with stealing in the second indictment, but which were not embraced in the first indictment.

It seems to be law in England, that if a man steal two pigs at the same time, he may be indicted for stealing one of them, and if acquitted, indicted for stealing the other. 2 Russell Cr. L.,

127. But the Americans have not favored this splitting of an offense, and the harrassing of the accused by several indictments for part of the same offense.

It appears from the record in this case that appellee was accused of but one larceny; the larceny of a number of articles at the same time. He was indicted for stealing some of the articles, tried and convicted as to part of them, and acquitted as to others embraced in the indictment. This acquittal was a bar to any indictment for articles not embraced in the indictment on which he was tried. *Fisher* v. *Commonwealth*, 1 Bush., 211; *Roberts et al.* v. *State*, 14 Geo., 8.

In *Kelly* v. *Burnell*, 14 Indiana, 328, the court said: "The State cannot split up one crime and prosecute it in parts. A prosecution for any part of a single crime, bars any further prosecution based upon the whole or part of the same crime."

*State* v. *Johnson*, 12 Ala., 840; 1 Bish. Cr. L., sec. 1061–4.

If the law be otherwise, if a man steal a dozen articles at the same time, which is but one offense, he may be indicted, tried, convicted, and punished for stealing each article. Or he may be harrassed with a dozen trials, if acquitted on the indictment, seriatim.·

The plea of former jeopardy in this case was not in good form, it failed to set out the facts appearing of record, but it seems the parties agreed to try it as a formal plea, and we have treated the case as if the plea had set out all the facts, and been demurred to in the court below, though no formal demurrer was interposed.

The judgment must be reversed, and the cause remanded to the court below with instructions to set aside the order discharging appellee, and to hold him to plead over to the second indictment upon the charge of stealing the same articles which he was convicted for stealing on the first indictment, and as to which a new trial was granted him.