COLE, JONES AND BEAN *v.* STATE.

4448                                      202 S. W. 2d 770

Opinion delivered June 9, 1947.

Rehearing denied June 30, 1947.

*Ross Robley* and *Elmer Schoggen,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. The appellants here were appellants in the case decided October 7, 1946. In the former proceeding they were tried on an indictment charging that by the use of force and violence they prevented Otha Williams from engaging in work as a laborer. The charge was based upon a part of § 1 of Act 193 of 1943. *Cole et als.* v. *State,* 210 Ark. 433, 196 S. W. 2d 582. The judgments were reversed and the causes remanded for a new trial because testimony was erroneously admitted.

On remand the indictment was quashed and the defendants went to trial on information filed by the Prosecuting Attorney. The verdicts were that each should serve a year in the State Penitentiary.

For reversal it is argued (a) that evidence does not support the verdicts; (b) Act 193 cannot be construed to apply to facts presented; (c) Section 2 of Act 193 is unconstitutional and its validity has not been determined; and (d) the defendants' plea of former jeopardy should have been sustained.

*First.*—(d)—This contention cannot be maintained. The defendants were convicted when tried on the indictment—an indictment they alleged was void because of alleged irregularities in the selection of grand jurors. When the causes were remanded the Prosecuting Attorney elected to proceed by information. In so doing he disregarded the indictment: a result the defendants had sought. The principles announced in *State of Arkansas* v. *Clark,* 32 Ark. 231, are in point. See also *Johnson* v. *The State,* 29 Ark. 31, 21 Am. Rep. 154. It is cited in the Clark case. *Fox* v. *The State,* 50 Ark. 528, 8 S. W. 836, was an appeal from a conviction under an indictment charging false imprisonment. Fox had formerly been indicted for robbery, and acquitted. This Court held that in the circumstances of that case false imprisonment was an ingredient of the robbery charge for which Fox had stood trial and as to which he had been found not guilty; hence there could be but one prosecution. *Lee* v. *The State,* 26 Ark. 260, 7 Am. Rep. 611, is not contrary. That case was decided when the Constitution of 1868 was in effect, its provision being that " . . . no person, after having been once acquitted by a jury, for the same offense shall be again put in jeopardy of life or liberty.'' The Constitution of 1874 is: " . . . and no person, for the same offense, shall be twice put in jeopardy of life or liberty.'' Effect of the case is that dismissal of a valid indictment against one who insists upon trial before a jury then sworn amounted to an acquittal, and a plea of former jeopardy was good against a second indictment for the same offense.

*Second.*—(c)—We have heretofore construed applicable provisions or sections of Act 193 as cases involving the legislation were presented. In *Smith and Brown* v. *State,* 207 Ark. 104, 179 S. W. 2d 185, it was said that the

Act was not open to constitutional objections. That statement, of course, was intended to apply to the facts of the appeal then being considered. In *Gurein* v. *State,* 209 Ark. 1082, 193 S. W. 2d 997, the provisions of the Act formerly dealt with were treated as constitutional upon authority of the Smith-Brown case. To the extent that judicial construction of a Legislative Act would deprive an accused person of equal protection of the law, Amendment Fourteen to the Federal Constitution would be violated; but that question is not involved in the dispute with which we are dealing. Our consideration in this respect is directed to the single proposition that force and violence were employed by two of the defendants.

A literal construction of that part of § 2 of Act 193 making it a felony for any person "acting either by himself, or as a member of a group or organization, or acting in concert with one or more persons, to promote, encourage, or aid [in the character of unlawful assemblage there prohibited"] would, it is said, prevent peaceful picketing. The Act does not have this purpose in view, and if it did that part would be struck down by the Courts. *Riggs* v. *Tucker Duck & Rubber Co.,* 196 Ark. 571, 119 S. W. 2d 507.

Information in the instant case, while charging that Cole, Bean, and Jones violated the quoted provision of § 2 of the Act, also accused them of using force and violence to prevent Williams from working. The use of force or violence, or threat of the use of force or violence, is made unlawful by § 1.

*Third.*—(b)—In view of the fact that the judgments as to Cole and Jones are affirmed without invoking any part of § 2 of the Act, it is not necessary to discuss the construction appellants think the facts do not sustain.

*Fourth.*—(a)—It is admitted that a labor dispute existed and that while the defendants were not "walking picket" they were striking against Southern Cotton Oil Company in Little Rock. Facts incident to the difficulty between Campbell and Williams are set out in the opinion of October 7, 1946. There is substantial testimony in the

record before us that Cole was on the scene where a group of strikers had gathered to await exit of Williams and others from the mill, five of the employes having remained at work. Cole carried a club, or walking stick. He told Willie Brown to go ahead, that "they" were not after him—but, inferentially, were waiting for Williams. Jones said, "Come on, boys," and the strikers "flew up like blackbirds and came fighting." No witness testified to any activity by Bean. Willie Johnson merely saw him standing across the street. Brown "never did see Bean." Elvie Washington merely "saw" Bean, but did not say what he was doing. Bishop Jackson said "Bean had been there on the corner, but had gone and was about half a block away."

These were the material witnesses who testified for the State. References to time and place were directed to the assault upon Williams by Campbell. Williams in defense used a pocket knife, inflicting wounds from which Campbell died.

While it is probable that Bean was associated with Cole and Jones in their undertaking, Act 193 is highly penal, and we feel that evidence to sustain a conviction should not rest upon any but a substantial basis.

The judgments as to Cole and Jones are affirmed; as to Bean the judgment is reversed with directions that the cause be dismissed.

Mr. Justice Frank G. SMITH and Mr. Justice McHANEY think the evidence was sufficient to affirm as to all of the defendants, and therefore dissent as to the reversal of the judgment against Bean; Mr. Justice ROBINS dissents on the ground that the evidence was insufficient as to all three of the defendants.