SLATE *v.* STATE.

4-4725 254 S. W. 2d 314

Opinion delivered January 26, 1953.

*J. Allen Eades,* for appellant.

*Ike Murry,* Attorney General, and *Wm. M. Moorhead,* Assistant Attorney General, for appellee.

GEORGE ROSE SMITH, Justice. The appellant was convicted of having possessed untaxed intoxicating liquor and was sentenced to the minimum fine of fifty dollars. Ark. Stats. 1947, § 48-934. For reversal he contends that there is no substantial evidence to support the verdict.

On August 31, 1952, a deputy sheriff and two State policemen, acting upon an anonymous telephone call, obtained a search warrant and went to Slate's home. In the house they found neither any intoxicants nor any malt, malt cans, or other ingredients used in the making of home-brew. Some sixty or seventy feet behind the dwelling the officers found a five-gallon crock full of home-brew, which analysis showed to be intoxicating. It does not appear that Slate's house is completely enclosed by fences, but there is a fence that runs past one side of the house. The crock was sitting in the open about three feet from this fence, on the side toward Slate's house. The officers testified that there was a well-worn path from the back steps to the spot where the beer was found. Other paths led into a wooded area behind Slate's property, where the officers found a quantity of beer cans and old sugar sacks, all at a distance of a hundred yards or more from the dwelling.

Slate, who has not previously been convicted of an offense, has steadfastly denied any knowledge of the home-brew. He is regularly employed in the trucking business and had lived in the house in question for only twelve days before the officers made their search. He testified that the fence we have mentioned is not on his property line and that if the crock was within three feet of the fence it was on property owned by his neighbor.

We agree that this proof was insufficient to take the case to the jury. The State refers us to *Roberts* v. *State,* 220 Ark. 245, 247 S. W. 2d 360, where we upheld a conviction which followed the discovery of untaxed whiskey in a field behind the accused's home. But there the prosecution offered other circumstances indicating ownership in the defendant, such as his admission to an investigator that he had liquor for sale, his reputation as a bootlegger, etc. Here the sole fact pointing to Slate's guilt is the discovery of the crock in the vicinity of his house. In view of his brief occupancy of the residence the fact that the paths were well-worn and that the sugar sacks were old points rather to the guilt of some one else than to that of this appellant. It is our conclusion that the evidence raises a mere suspicion against Slate, which is not a sufficient basis for his conviction. *Martin* v. *State,* 151 Ark. 365, 236 S. W. 274.

Reversed and remanded for a new trial.