5368                                    432 S.W. 2d 879

Opinion Delivered October 21, 1968

[Rehearing denied November 18, 1968.]

*Claude Carpenter Jr.* and *Roy Finch Jr.* for appellant.

*Joe Purcell,* Atty. Gen. and *Don Langston,* Asst. Atty. Gen. for appellee.

George Rose Smith, Justice.    On the night of March 29, 1967, thieves broke into the post office at Emerson and carried away a heavy safe.    When the safe was found the next day, more than a mile from the post office, it had been opened with an acetylene torch, and $305.34 had been taken.

Informations were filed against Willie Lee Paschal, Jimmie Dale Paschal, and Henry Lee Cooper, charging burglary and grand larceny. Jimmie Dale Paschal pleaded guilty and testified for the State at the trial of the appellant, Willie Lee Paschal. This appeal is from a verdict and judgment finding Willie Lee Paschal guilty and fixing his punishment at 12 years imprisonment upon each charge.

Jimmie Dale Paschal, according to the undisputed proof, was an accomplice; the court so instructed the jury. Under the statute applicable to felonies, the testimony of an accomplice must be corroborated by other evidence tending to connect the accused with the commission of the offense. Ark. Stat. Ann. § 43-2116 (Repl. 1964). There is no such corroboration here. Laying aside Jimmy Dale's testimony, we find no proof whatever that connects the appellant with the commission of the crimes. At most the State proved that the safe was carried away in a station wagon owned by the appellant's sister (and even that testimony was later stricken from the record as hearsay); but there is no proof, other than the accomplice's testimony, that tends to connect the appellant with the commission of the offenses.

The judgment must be reversed, but in our conference a question was raised about whether the case should be remanded for a new trial or be dismissed. It was suggested that when the trial court is found to have erroneously refused to direct a verdict for the accused on the ground that the evidence is insufficient to support a conviction, a remand of the case for a new trial would violate the constitutional provision against double jeopardy.

We do not consider that suggestion to be sound. The decision of the accused to appeal is a waiver of the plea of former jeopardy. As Dean Miller puts it:

At the common law neither the defendant nor the King could appeal from a judgment upon a verdict of guilty or acquittal. However, both in England and in the United States, the privilege has been granted to the defendant to appeal from a judgment on a verdict of conviction. Consequently the reason for the old rule making former conviction a proper plea in bar of a second prosecution under such circumstances, has ceased to exist and it is now generally recognized as no infringement on defendant's rights, to require that if a conviction be set aside on appeal, he should be returned to the trial court for a new trial. [Miller, Criminal Law, § 186 (c) (1934).]

We expressed much the same point of view in *Johnson* v. *State,* 29 Ark. 31 (1874), saying:

It is true that, by a constitutional provision as well as by the common law, no man can be twice put in jeopardy of life or limb for the same offense; but, where the first jeopardy has resulted in his conviction, it is rather a merciful interposition of the court, than any invasion of his rights, to set aside the conviction upon his own application in order to afford him the opportunity of another trial.

The precise point was decided in *Bryan* v. *United States,* 338 U.S. 552 (1950), where the appellant argued that, upon a reversal of the trial court for its refusal to direct a verdict of not guilty for insufficiency of the evidence, a remand for a new trial would subject him to double jeopardy. In rejecting that argument the court said:

Petitioner's contention that to require him to stand trial again would be to place him twice in jeopardy is not persuasive. He sought and obtained the reversal of his conviction, assigning a number

.of alleged errors on appeal, including denial of his motion for judgment of acquittal. " . . . where the accused successfully seeks review of a conviction, there is no double jeopardy upon a new trial. *Francis* v. *Resweber,* 329 U.S. 459, 462."

In reversing criminal convictions for insufficiency of the evidence we have customarily remanded the cause for a new trial [*Slate* v. *State,* 221 Ark. 527, 254 S.W. 2d 314 (1953); *Taylor* v. *State,* 211 Ark. 1014, 204 S.W. 2d 379 (1947)] unless it appears that the case has been fully developed. *Edens* v. *State,* 235 Ark. 284, 357 S.W. 2d 641 (1962). In the case at bar there are indications in the record that additional testimony is available to the State.

Reversed and remanded for a new trial.

BYRD, J., dissents.

CONLEY BYRD, Justice. I dissent to that part of the opinion remanding this case for a new trial. I do so because it constitutes double jeopardy. In so dissenting I recognize that all reversals for new trials do not constitute double jeopardy.

Here the jury was impaneled and sworn. After the evidence was heard appellant moved for a directed verdict which we now hold the trial court should have granted because there was no legal evidence to sustain a conviction. If the trial court had granted the motion, appellant would have been discharged and former jeopardy would have attached.

In *Whitmore* v. *State,* 43 Ark. 271 (1884), we .stated:

"A prisoner is in legal jeopardy when he is put upon trial, before a court of competent jurisdiction, upon an indictment which is sufficient in form and substance to sustain a conviction, and a

jury is charged with his deliverance. And a jury is thus charged when they have been impaneled and sworn. The defendant then becomes entitled to a verdict which shall constitute a bar to a new prosecution; and he cannot be deprived of this bar by a *nolle prosequi* entered by the prosecuting officer against his will or by discharge of the jury.''

In *State* v. *Taylor*, 180 Ark. 588, 22 S.W. 2d, 34 (1929), we held that a directed verdict of acquittal, even though erroneous, operated as a bar to a future prosecution. See also *State* v. *Gray*, 160 Ark. 580, 255 S.W. 304 (1923).

When the trial court lets the jury return its verdict before ruling the evidence is not sufficient to sustain a conviction, has the defendant's life been put in less jeopardy? If the trial court waits until a motion for new trial to rule that the evidence is insufficient to sustain the conviction, is not the acquittal just as effective as though the matter had been taken away from the jury?

When we rule on appeal that the trial court should have directed a verdict of acquittal, why is not the defendant just as effectively discharged as he would have been had the trial court correctly so ruled before the appeal? Has not the State had its day in court?

It is true that in civil cases we sometimes remand a case for a new trial while holding that a directed verdict should have been granted, but in so doing we are but giving cognizance to the practice whereby trial courts under some circumstances allow plaintiffs the option of taking a non-suit before granting a motion for a directed verdict. However, as pointed out above, the double jeopardy clause, Ark. Const. Art. 2, § 8, prevents a *nolle prosequi* of a criminal prosecution once the jury has been impaneled and sworn.

In dissenting, I am not unaware of the rule that a person convicted of a crime waives his constitutional protection against double jeopardy when a verdict or judgment against him is set aside at his own instance, either on motion in the lower court or on appeal. However, I am unable to see how or why the waiver rule should be applied when the result of the ruling on appeal is that the defendant should have been acquitted by either the trial court or the jury.

Therefore, I respectfully dissent from that part of the opinion remanding the case for a new trial.