ROBERT L. SWANSON *v.* STATE OF ARKANSAS

5580                                    471 S.W. 2d 351

Opinion delivered October 11, 1971

*Robert L. Swanson,* pro se.

*Ray Thornton,* Attorney General; *Gene O'Daniel,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Robert L. Swanson was convicted of burglary and sentenced to 19 years in the penitentiary. For reversal he contends among other things that the court erred in failing to try him within two terms of court as required by Ark. Stat. Ann. § 43-1708 (Repl. 1964), and that the court erred in allowing proof of other crimes.

The record shows that appellant was arrested on August 17, 1968, in the night time in the walk-in cooler of the Warehouse Market, West Memphis, Arkansas, while in the act of peeling the Warehouse Market's safe. The State at that time sought an early trial date, but appellant escaped. He was later arrested in Michigan where detainers were placed upon him by the State of Arkansas and other jurisdictions. As a result, he was turned over to the federal authorities and eventually placed in the federal reformatory at Fort Leavenworth, Kansas, on April 13, 1969. In May the State filed a detainer warrant. On August 29, 1969, the Leavenworth authorities at appellant's request informed the State that appellant was an inmate there, serving a ten year sentence for bank burglary. As a result of a petition for writ of habeas corpus ad prosequendum filed on September 5, 1970, appellant was returned to the State and tried at the September 1970 term of court upon the charge of burglarizing the Warehouse Market. During that trial the State was permitted to prove that appellant had also burglarized Stimson's Super Market. The trial court permitted such evidence on the theory that it showed criminal intent.

The terms of the Crittenden Circuit Court criminal division begin on the third Monday in February and September of each year. Before appellant, a fugitive, could invoke the benefits of the two term provisions of Ark. Stat. Ann. § 43-1708, it is necessary for him to show that he has made demand for a trial, *Merritt* v. *State,* 244 Ark. 921, 428 S. W. 2d 66 (1968). We find the information forwarded by the Leavenworth officials to be woefully inadequate to constitute a demand for trial.

The trial court erred in admitting proof of the burglary of Stimson's Super Market, see *Alford* v. *State,* 223 Ark. 330, 266 S. W. 2d 804 (1954). The proof here leaves no doubt of appellant's intention to burglarize the Warehouse Market since he was inside, peeling the safe when he was apprehended. The injustice of permitting the State to prove the Stimson burglary in the Warehouse burglary trial, when such evidence is not otherwise admissible, is demonstrated by the fact that

appellant can still be tried on the Stimson charge and receive yet another penalty, even though the jury may have been led to increase the sentence in the Warehouse trial.

Appellant raises other issues, most of which involve the proof introduced as to the Stimson burglary. Since they are not apt to arise on a new trial, we omit any discussion of the same.

Reversed.

FOGLEMAN, J., not participating.