HAROLD SHERMAN UPTON v. STATE
OF ARKANSAS

5820                                502 S.W. 2d 454

Supplemental opinion delivered December 24, 1973

[Original opinion delivered July 23, 1973,

*Camp & Thornton, P.A.,* and *James J. Calloway,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Deputy Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In our substituted opinion on rehearing in this case, delivered on July 23, 1973, we reversed the judgment because the State had been allowed to introduce inadmissible hearsay evidence. In due course our mandate was issued, remanding the case to the circuit court "for further proceedings to be therein had according to law, and not inconsistent with the opinion herein delivered."

Thereafter Upton filed in the trial court a motion to dismiss the information, on the ground that the case had not been remanded for a new trial. The trial court overruled that motion. Upton then filed a petition for habeas corpus in the United States District Court, reasserting the same point. Judge Oren Harris, to whom the petition was presented, suggested that the Attorney General seek

a clarification of our opinion. Such a request for clarification is now before us. The time for a response to the Attorney General's petition has expired without any response having been filed, but we have studied Upton's petition for habeas corpus and the supporting brief that was filed by his counsel in the federal court.

Upton contends that this court did not remand the case for a new trial, because our opinion ended with the word "Reversed" instead of "Reversed and remanded" or some similar phrase. We customarily use the terms interchangeably; so that no significance attaches to either one. We frequently end our opinions with the word "Reversed" even though the opinion itself shows that a new trial is contemplated. Among countless such opinions in our Reports, recent examples include *Courtney* v. *State*, 252 Ark. 620, 480 S.W. 2d 351 (1972); *Morris* v. *State*, 252 Ark. 487, 479 S.W. 2d 860 (1972); *Swanson* v. *State*, 251 Ark. 147, 471 S.W. 2d 147 (1971).

It is argued that our opinion in the case at bar should be construed as directing a dismissal of the information, in the light of § 12 of Act 333 of 1971, which reads:

> A conviction shall be reversed and a new trial ordered where the Supreme Court finds that the conviction is contrary to the Constitution, the laws of Arkansas or for any reason determines that the appellant did not have a fair trial. Where appropriate, the Supreme Court shall reverse the conviction and order the appellant discharged. In all other cases, the conviction must be affirmed, but the sentence of the appellant may be reduced if it is deemed excessive. [Ark. Stat. Ann. § 43-2725.2 (Supp. 1971).]

We do not read the statute as having anything to do with the manner in which this court writes its opinions —a matter not falling within the authority of the legislative branch of the government. *Vaughn* v. *Harp*, 49 Ark. 160, 4 S.W. 751 (1886). But even if we did so interpret the statute, it states plainly that the court, where appropriate, shall order the appellant discharged. We did not enter such an order. To the contrary, our mandate remanded the cause for further proceedings, which completely answers Upton's present contention.

HARRIS, C.J., not participating.