CARL HEAD *v.* STATE OF ARKANSAS

CR 73-130                                          504 S.W. 2d 342

Opinion delivered January 28, 1974

*William C. McArthur,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Alston Jennings Jr.,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant was convicted of possession of marijuana with intent to deliver and sentenced to ten years imprisonment. He asserts three points as reversible error: (1) that the search warrant and the fruits of the search should have been suppressed; (2) that the contraband was improperly identified and its integrity not maintained; and (3) that the State should not have been allowed to reopen its case after resting.

Point I. We think the search warrant met the test of probable cause as set out in *Bailey* v. *State,* 246 Ark. 362, 438 S.W. 2d 321 (1969). The affidavit for a search warrant was made by Sgt. Robert B. Jones of the Little Rock Police Department. He swore there were reasonable grounds to believe that marijuana was being possessed and offered for sale at 9211 Adkins Street, Apt. 7, Little Rock; that he received his information from a confidential informant whose statement was based on personal observation; that the informant was considered reliable; and that in the preceding three months the informer

had given similar information on other suspects and his information formed the basis of felony charges being filed in such other cases. (The informer was Tom Johnston, a Little Rock city detective with five years experience.)

During the course of the trial it developed that at the precise time the informer called Sgt. Jones, the contraband was not actually inside Apartment 7; it was in the trunk of the informer's car. The recited discrepancy forms the basis of appellant's main attack on the invalidity of the search warrant. The testimony revealed that the informer, the appellant and others, drove by prearrangement to Apartment 7, and from that address it was understood the informer was to make a telephone call to his "money man". (Actually, the call was going to be made to Sgt. Jones.) Officer Johnston, the informer, testified he parked his car so that he could observe it through the apartment window and the contraband was in fact within his sight at the time the call was made; and that immediately after completing the call the parties brought the marijuana inside the apartment. We think it was sufficient that the parties had agreed to bring the contraband into the apartment—it was at all times within the view of the informer, and that it was brought into the apartment within minutes after the call. Shortly after the informer's call the police arrived at Apartment 7 and found the drugs as represented by the informer.

Point II. Under this point appellant alleges that the contraband was: (a) improperly identified, (b) its integrity was not maintained, and (c) it was improperly displayed to and inspected by the jurors. Sgt. Jones testified he removed the original wrappers from the bricks and rewrapped the material in clear plastic bags and attached numbered tags. We think the fact that the officers found it necessary for identification purposes to transfer the material to clear plastic bags was not improper or prejudicial.

Appellant argues that the integrity of the material was not maintained in that the State chemist analyzed some bricks that did not have a tag on them. We per-

ceive no prejudice. The chemist received the 98 bricks confiscated. The trunk and the box in which the material was delivered were appropriately tagged. In addition, all the bricks examined, except one, had individual tags. When Officer Royster delivered the material the chemist placed it in a vault. The chemist, along with two officers, brought the material to court.

The entire collection of material was brought into the courtroom prior to the trial and appellant's counsel noted that prospective jurors had viewed the material and that one or more jurors picked up some of the bricks. Appellant classes the procedure as prejudicial error. We do not agree. What the jurors saw and inspected was all introduced by the State. Appellant's counsel appeared to agree that his objection was probably rendered moot when the total contraband was introduced. We agree.

Point III. Appellant contends the court abused its discretion in permitting the State to reopen the case after the State had rested. We find no such error. In the first place, the court stated that the case was being reopened to permit additional testimony only with regard to appellant's co-defendants. Secondly, we are cited to no testimony whatsoever that was given to further implicate the appellant.

Affirmed.

HARRIS, C.J., not participating.