Bruce Leroy COCKRELL *v.* STATE of Arkansas

CR 73-139                                    505 S.W. 2d 204

Opinion delivered February 19, 1974

*Robert L. Shaw* and *James D. Emerson*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Richard Mattison*, Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant was found guilty of grand larceny on a charge of having stolen three guns from the home of the prosecuting witness. The points for reversal which are essential to a determination of the appeal will be set out as they are discussed.

During the night of May 16, 1972, the rural home of Robert Trout was burglarized and three guns were taken therefrom. At around 5:00 a.m. on May 18, Rickey Dale Golden was spotted driving on the streets of Hot Springs in a suspicious manner. Golden was stopped for questioning, at which time the officer saw personal items in the car which further aroused his suspicions. With Golden's permission, the officer looked in the trunk and found two weapons. Golden was taken to police headquarters and there made a statement that he, along with appellant and another, had burglarized the Trout home and took three guns, two of which were found in the trunk of the car. Golden informed the interrogating officer that the car he was driving belonged to appellant. Golden further stated that the third gun would be found in appellant's apartment. The recited information was given to the interrogating officer in the presence of Officer Bob Griffith. The latter officer was instructed to go before the municipal judge and execute an affidavit for a search warrant for appellant's apartment. A search was made and the third gun was found between the mattress and box springs on the bed where appellant was sleeping.

The first point for reversal is that the shotgun found in the bed was illegally obtained by the officers because of a void search warrant. The body of the affidavit for the search warrant reads:

Before Earl J. Mazander, Judge of the Municipal Court of the City of Hot Springs, Arkansas.

The undersigned being duly sworn deposes and says: that he has reason to believe that on the premises known as 210½ Alcorn (garage apt.) County of Garland, State of Arkansas, there is now being concealed certain property, namely: 1 - 12 ga. shotgun and 1 - 38 cal. pistol which are stolen from Bob Trout at RR No. 1, Box 349 in Garland County, Arkansas.

And that the facts tending to establish the foregoing grounds for issuance of a search warrant are as follows: reliable informant states that items are located at above address.

Officer Griffith signed as affiant and the jurat was executed by Judge Mazander.

Officer Griffith testified that Judge Mazander filled in the printed form of affidavit after asking some questions. It is significant that Officer Griffith on cross-examination said the informant was Rickey Golden; that he did not know Golden; and that he had no knowledge of Golden's reliability for the truth.

The affidavit does not pass the tests we have pronounced. In *Bailey* v. *State*, 246 Ark. 362, 438 S.W. 2d 321 (1969), we said: "The purported affidavit, which is the sole evidence of probable cause afforded the magistrate, is defective in that it states a mere conclusion". There we also said that when an officer obtains information from an informer (hearsay) "the warrant should not issue unless good cause is shown in the affidavit for crediting that hearsay". Then in *Walton* v. *State*, 245 Ark. 84, 431 S.W. 2d 462 (1968), we said: "In determining probable cause for the issuance of a search warrant, the magistrate must judge for himself the persuasiveness of the facts relied upon by a complaining officer and may not accept a complainant's conclusions without question". And in *Durham* v. *State*, 251 Ark. 164, 471 S.W. 2d 527 (1971), we said: "It is elementary that a valid search warrant cannot be issued except upon probable cause determined from facts and circumstances revealed to the issuing magistrate. . . . "

The State emphasizes the testimony of Officer Griffith to the effect that Judge Mazander asked the deponent several

questions. We have held that oral testimony may be used to support an affidavit. *Walton* v. *State, supra.* We have also approved the procedure whereby parties to the oral testimony can come into court and recount the substance of that testimony; however, the General Assembly of 1971 made void that procedure. Ark. Stat. Ann. § 43-205 (Supp. 1973). That act provides: "A search warrant may be issued by any judicial officer of this State, only upon affidavit sworn to before a judicial officer which establishes the grounds for its issuance". The cited act thus eliminates from consideration any oral testimony unless it is reduced to writing and accompanied by affidavit. We have said that for an instrument to be an affidavit it must be "reduced to writing and sworn to or affirmed before some person legally authorized to administer an. oath or affirmation". *Thompson* v. *Self*, 197 Ark. 70, 122 S.W. 2d 182 (1938). It is therefore important that magistrates and law enforcement officers take heed of § 43-205 and govern their actions accordingly.

The appellant next asserts as error the refusal to grant his motion for a directed verdict. It is contended that the conviction was based entirely upon the uncorroborated testimony of Rickey Golden, an admitted accomplice. The testimony of an accomplice must be supported by "other evidence tending to connect the defendant with the commission of the offense". Ark. Stat. Ann. § 43-2116 (Repl. 1964). The mere fact that two of the stolen guns were found in appellant's car is not sufficient corroboration of the accomplice's testimony. The evidence is undisputed that Golden had free use of appellant's car, especially at night when appellant was working. The accomplice was also living with appellant.

Appellant urges that we reverse and dismiss the case. In *Paschal* v. *State*, 245 Ark. 396, 432 S.W. 2d 879 (1968), the same state of facts is found as in the case at bar. We held that the evidence corroborating the accomplice was insufficient to sustain the conviction. It was argued there that a remand of the case would constitute double jeopardy. We held this: "The decision of the accused to appeal is a waiver of the plea of former jeopardy." We further said: "In reversing criminal convictions for insufficiency of the evidence we have customarily remanded the cause for a new trial [*State* v. *State*,

221 Ark. 527, 254 S.W. 2d 314 (1953); *Taylor* v. *State*, 211 Ark. 1014, 204 S.W. 2d 379 (1947)] unless it appears that the case has been fully developed". In the case at bar we are unable to say that the production of further evidence by the State is beyond the realm of probability.

Reversed and remanded.