## John R. MOSELEY *v.* STATE of Arkansas

CR 75-71                                527 S.W. 2d 616

Opinion delivered September 8, 1975
[Rehearing denied October 13, 1975.]

*James R. Howard*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Robert A. Newcomb*, Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. The appellant, John R. Moseley, was indicted by the Pulaski County Grand Jury for the delivery of a controlled substance, amphetamine sulfate dextro, in violation of Act 590 of 1971 as amended. On arraign-

ment Moseley pleaded not guilty and filed a motion to quash the indictment on the ground that a narcotics agent, one of the prosecuting witnesses, and other unauthorized personnel were in the grand jury room when the indictment was returned. The motion to quash the indictment was denied by the trial court and upon jury trial Moseley was found guilty and sentenced to ten years in the Arkansas Department of Correction and fined $5,000.

On appeal to this court the judgment was reversed and the cause remanded with directions that the indictment be quashed (*John R. Moseley* v. *The State of Arkansas,* 256 Ark. 716, 510 S.W. 2d 298). The indictment was quashed by the trial court in compliance with the mandate of this court. Subsequently, on August 21, 1974, the prosecuting attorney filed information again charging Moseley with the same offense. Moseley interposed the plea of double jeopardy and after denial of additional motions in the trial court and in this court, the case proceeded to jury trial and Moseley was again found guilty and a sentence of eight years imprisonment and a $5,000 fine was imposed. Upon appeal from this second conviction Moseley relies on the following points for reversal:

> "I. The lower court erred in overruling the motion of the defendant to dismiss case number CR-74-1318 for the reason that the defendant has been placed in double jeopardy.
>
> II. The court erred in not granting a mistrial when it appeared that the jurors had, contrary to the court's instructions, read an account of the trial in the newspaper."

We find no merit to either contention.

The general rule on the first point involved is set out in 22 C.J.S. Criminal Law § 273 as follows:

> "An accused cannot benefit by the verdict of the jury if he chooses to appeal from it; hence, he is estopped to plead a prior conviction where his conviction has been reversed for error on an appeal or writ of error brought by himself. . . ."

This court has consistently followed the above rule. In *Paschal v. State*, 245 Ark. 396, 432 S.W. 2d 879 (1968), a felony conviction was reversed because the trial court erroneously refused to direct a verdict for the accused on the ground that the evidence was insufficient to support the conviction. We remanded the case for a new trial and in reviewing the claim of double jeopardy, we quoted from Miller, Criminal Law, § 186 (c) (1934), as follows:

> " 'At the common law neither the defendant nor the King could appeal from a judgment upon the verdict of guilty or acquittal. However, both in England and in the United States, the privilege has been granted to the defendant to appeal from a judgment on a verdict of conviction. Consequently the reason for the old rule making former conviction a proper plea in bar of a second prosecution under such circumstances, has ceased to exist and it is now generally recognized as no infringement on defendant's rights, to require that if a conviction be set aside on appeal, he should be returned to the trial court for a new trial.' "

In *Paschal, supra*, we also expressed the same view by quoting with approval from the early case of *Johnson v. State*, 29 Ark. 31 (1874), as follows:

> " 'It is true that, by a constitutional provision as well as by the common law, no man can be twice put in jeopardy for life or limb for the same offense; but, where the first jeopardy has resulted in his conviction, it is rather a merciful interposition of the court, than any invasion of his rights, to set aside the conviction upon his own application in order to afford him the opportunity of another trial.' "

In support of his argument of double jeopardy the appellant cites Ark. Stat. Ann. § 43-1224 (Repl. 1964) as follows:

> "Acquittal or conviction as bar. An acquittal by a judgment on a verdict, or a conviction shall bar another prosecution for the same offense, notwithstanding a

defect in form or substance in the indictment on which
the acquittal or conviction took place."

The appellant apparently overlooks the statutory definition of
"conviction" as set out in Ark. Stat. Ann. § 43-1224.3 (2)
(Supp. 1973) as follows:

"There is a conviction if the prosecution resulted in a
judgment of conviction *which has not been reversed or
vacated,* a verdict of guilty *which has not been set aside* and
which is *capable of supporting a judgment,* or a plea of guilty
*accepted by the court.*" (Emphasis added).

The cases cited by the appellant are distinguishable on
their facts from the case at bar. In *State* v. *Ward,* 48 Ark. 36, 2
S.W. 191 (1886), Ward was indicted for embezzlement. He
demurred to the indictment; the demurrer was sustained as
to the one count and overruled as to the others. A jury was
impaneled and sworn and at the close of the day, the trial not
being concluded, they were allowed by the court upon con-
sent of the parties to separate. On the second morning of the
trial one of the jurors was absent on account of the sickness of
one of his family and the court then, for the first time dis-
covering that the defendant had not been arraigned and had
not entered a plea to the indictment, upon a motion of the
prosecuting attorney, discharged the jury. Ward then moved
the court for his discharge upon the ground that he had been
in jeopardy. The court granted his prayer and dismissed the
indictment and the state appealed. In that case this court
said:

"It is the established rule that when a jury in a criminal
case is impaneled and sworn in a court of competent
jurisdiction to try the prisoner, under an indictment
sufficient in form and substance to sustain a conviction,
he is in jeopardy. He is then entitled to a v e r d i c t
which will bar further prosecution for the same offense,
and an unnecessary discharge of the jury without his
consent does not deprive him of the right to the bar."
Citing *Whitmore* v. *State,* 43 Ark. 271."

As already stated, the trial court granted Ward's motion

for his discharge and the state was the appellant in that case. In the *Ward* case this court further stated:

> "[I]t is unnecessary to consider what effect, if any, under the provisions of our statutes, the absence of arraignment and plea may have had upon the trial in this case, for, upon looking at the indictment, it is discovered to be insufficient to sustain a judgment of conviction, and nothing that could have been done under it, short of an actual acquittal or conviction, could have conferred upon the accused immunity from further prosecution for the same offense. The statute provides that an acquittal or conviction by a judgment or a verdict shall bar any other prosecution for the same offense, notwithstanding a defect in form or substance in the indictment on which the trial took place. (*Mansfield's Digest, sec.* 2176.) But there was no verdict or judgment in this case, and short of these the rule is, that where the indictment is so defective that the defendant, if found guilty, will be entitled to have the judgment entered thereon against him reversed for error, he has not been in jeopardy. 1 *Bish. Crim. Law, sec.* 121; *Whitmore v. State, sup; Atkins v. State,* 16 Ark. 568."

In *Harp v. State,* 59 Ark. 113, 26 S.W. 714 (1894), the appellant was indicted for perjury in connection with the sale of liquor to a minor. A trial jury was impaneled and rendered a verdict of not guilty. The trial court then entered an order that "The defendant be held in custody to await the action of the grand jury in said cause." The next day the grand jury returned its second indictment for perjury in connection with the same sale to the same individual. The state interposed a demurrer to the plea of double jeopardy at the second trial and the demurrer was overruled. The appellant was convicted and, of course, this court reversed.

In the case at bar Moseley also argues that on his former appeal (*Moseley v. State, supra*) this court only reversed and remanded with ne directions that the indictment be quashed and that his conviction was not reversed and remanded for a new trial. We answered this argument contrary to Moseley's contention in *Upton v. State,* 255 Ark. 1071, 502 S.W. 2d 454

490

(1973). See also *Cole* v. *State*, 211 Ark. 836, 202 S.W. 2d 770 (1947), where we in effect held that in order to constitute former jeopardy a jury must be impaneled and sworn under a valid indictment, or there must be an acquittal or conviction by a judgment under Ark. Stat. Ann. § 43-1224 (Repl. 1964).

As to appellant's second point, one of the jurors admitted reading a newspaper account of the first day of appellant's trial but under questioning by the court, the juror stated that he had formed no opinion as a result of the article and that the article did not affect his opinion in the case. We are of the opinion that the trial court did not abuse his discretion in refusing to grant a mistrial. See *Howell* v. *State*, 220 Ark. 278, 247 S.W. 2d 952 (1952).

The judgment is affirmed.