Lonnie COSSEY *v.* STATE of Arkansas

CA CR 79-56                           590 S.W. 2d 60

Opinion delivered October 31, 1979
Released for publication December 5, 1979

*Robert E. Irwin,* for appellant.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst.
Atty. Gen., for appellee.

DAVID NEWBERN, Judge. The appellant was convicted in
Russellville Municipal Court of driving while intoxicated.
He appealed and was again convicted after a jury trial de
novo in the circuit court, and he was fined $500. It was
allegedly his second such offense. The appellant contends
his arrest by a Russellville city policeman outside the city
limits was illegal. He also contends that evidence based on a
gas chromatograph test of his breath should not have formed
the basis of an instructed presumption of intoxication be-
cause the machine used was not calibrated on the day the test
was given. Because we find it necessary to reverse on the

inadequacy of the breath test as a basis for the presumption, we will not need to deal with the arrest question.

The appellant was arrested and tested for bodily substance (breath) alcohol content on May 13, 1978. Although there was some testimony as to his actions and appearance indicating he had been drinking, the appellee rests its argument here on the correctness of the jury instruction of the presumption of intoxication based on the gas chromatograph test. The authority for the presumption is Ark. Stat. Ann. § 75-1031(1) (Supp. 1977), which provides, in part, the following:

(A) In any criminal prosecution of a person charged with the offense of driving a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the defendant's blood at the time alleged as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance, shall give rise to the following presumptions:

* * *

3. If there was at that time, 0.10 percent or more by weight of alcohol in the defendant's blood, urine, breath or other bodily substance, it shall be presumed that the defendant was under the influence of intoxicating liquor.

* * *

(c) The chemical analysis referred to in the above paragraphs shall be made by a method approved by the Arkansas State Board of Health. The method approved may be proved by a certificate duly acknowledged by a representative of the State Board of Health and said certificate shall be admissible per se in any criminal prosecution and shall not be subject to any objections on grounds of hearsay. Provided, however, said machine has been duly certified at least once in the last three months and the operator thereof is properly trained and certified. This law shall apply only in misdemeanor cases and not in felony cases.

Ark. Stat. Ann. § 75-1046(b) (Supp. 1977), says that for such an analysis to be valid, it must have been "performed according to methods approved by the State Department of Health or by an individual possessing a valid permit issued by the State Department of Health for this purpose . . ." The statute provides the department may approve measuring methods or techniques and, in part "(c)," may "promulgate rules and regulations necessary to carry out the purposes of [the] act."

*Arkansas Department of Health Regulation,* AP-340 (Rev. 1971), provides:

*Breath Testing Instruments.* Instruments designed to test direct breath samples shall be calibrated no less frequently than once each day the instrument is in operation by a Senior Operator or Operator Supervisor, using appropriate solutions of ethyl alcohol, and using methods and techniques for calibration recommended by the manufacturer of the calibration device as approved by the Department.

In this case, the evidence was that the machine was calibrated on May 10 and May 15, 1978, but not on May 13, 1978, the day the appellant was tested.

Of course, the appellee does not argue that because the operator was certified he could disregard the health department regulations dealing with the method of testing for alcohol presence. Although the language of the statute is disjunctive, we find the intent of it to be that even certified operators may not ignore the regulations on operation and maintenance of the chromatograph, if their testimony is to form the basis of a presumption of intoxication.

The appellee argues, however, that there has been "substantial compliance" with the regulations, citing *Munn* v. *State,* 257 Ark. 1057, 521 S.W. 2d 535 (1975). The *Munn Case* concerned a finding by the court that there was no prejudicial effect where a blood sample was not tested within two hours of the alleged offense as required by health department regulation. The sample was taken about 12:40

a.m., and the alleged offense occurred at 9:30 p.m. the previous evening. Testing within this three-hour period was held to have been substantial compliance with the two-hour requirement where the testimony indicated that all other requirements were met and that blood alcohol content decreases as time passes.

We cannot find substantial compliance here, however. All we know is that the instrument was calibrated on May 10 and again on May 15. Although there is some testimony that the calibration procedure revealed, on the 15th, that the instrument was in the same, proper condition it had enjoyed on the 10th, in view of the clear requirement of the regulation, we should not allow speculation as to its condition on May 13. We hold there was no substantial compliance here, and unlike the *Munn Case,* there is no evidence upon which we can conclude this failure to abide by the regulation was not prejudicial to the appellant.

In addition, the appellant vigorously complains there was no testimony given that a measurement of body substance alcohol content "by weight," as required by the statute, was conducted. As the trial judge stated in the record before us, this may raise a serious question of testimony adequate to raise the statutory presumption, but we need not address it in view of the other inadequacy we have found.

We hold the evidence was not sufficient to form the basis of the instructed presumption. The other evidence produced in the case would not have supported a guilty verdict, and because we find the case has been fully developed, we dismiss rather than remand for new trial. *Edens* v. *State,* 235 Ark. 284, 357 S.W. 2d 641 (1962). See also, *Paschal* v. *State,* 245 Ark. 396, 432 S.W. 2d 879 (1968).

Reversed and dismissed.