ROBERT COURTNEY *v.* STATE OF ARKANSAS

5715                                    480 S.W. 2d 351

Opinion delivered May 22, 1972

*John R. Henry,* for appellant.

*Ray Thornton,* Atty. Gen., by: *Milton Lueken,* for appellee.

LYLE BROWN, Justice. Appellant Robert Courtney was convicted of grand larceny, and under our habitual criminal statute he was sentenced to twenty-six years imprisonment. For reversal he contends that the State failed to prove the value of the stolen property and that the court erred in refusing to give an instruction on joy riding or trespass.

The essence of appellant's argument under the first point for reversal is that the State's evidence failed to

sustain his conviction of grand larceny as defined by statute. Ark. Stat. Ann. § 41-3907 requires a showing that the value of the property stolen exceeds the sum of $35.00.

At the trial the prosecution's witness Fred Pearson, who worked at the Portis Motor Company Service Station, testified that the appellant appeared at the station about 6:00 p.m. on August 30, 1971, in Lepanto. Appellant was alone and on foot. He indicated that his car had stalled a few blocks away and that he needed help to start it. Mr. Pearson put the battery booster cables into an old yellow Ford truck that belonged to the station owner and accompanied by appellant drove toward the alleged stalled vehicle. After having proceeded for only one block, appellant directed Pearson to stop at a liquor store. When appellant returned from the liquor store he displayed a piatol and directed Pearson to drive to Dyess, Arkansas. At this point Pearson was under the impression that he (Pearson) was having a heart attack so he drove to the doctor's office in Lepanto. When Pearson walked up to the doctor's office appellant drove off in the truck and parked it near his father's home, where he was apprehended. Pearson further testified that his employer, Portis Motor Company, was the owner of the truck, and that appellant was never granted permission to drive or use the truck.

The only evidence as to the value of the truck was introduced when the prosecutor questioned Mr. Pearson on the subject:

Q. All right. Are you acquainted with the value of that vehicle?

MR. FORD: Objection, your Honor.

THE COURT: He can state whether or not he was acquainted.

Q. (By Prosecutor) Are you acquainted with the value of that vehicle, Mr. Pearson?

A. Well, my boss told me what he wanted for it.

Q. It was for sale then?

A. Yes, sir.

Q. All right. And what was the price fixed on the vehicle?

A. Around two hundred dollars?

MR. FORD: I would object to this, your Honor. The man cannot tell even what year the truck was, and certainly he cannot testify as to any value.

THE PROSECUTOR: He can testify to the sales price of it, your Honor. That is an indication of its value.

MR. FORD: That is hearsay testimony, your Honor; if he wants someone to come in to testify as to the value of the truck, maybe Mr. Portis can do it.

THE COURT: The objection is overruled. Note your exemptions.

MR. FORD: Please note our exemptions.

It has been a long established and well founded rule that testimony regarding statements made to a witness by a third party is inadmissible as hearsay. *Smedley* v. *State,* 130 Ark. 149, 197 S. W. 275 (1917). Hearsay evidence is excluded because the safeguards which are present when a witness testifies in person on the basis of his own observations are lacking. Wigmore points out the two major reasons for the hearsay rule as being (1) principally, that there is no regular opportunity for cross-examination, the usual test of truthfulness, and (2) the fact that such statements are normally not made under oath likewise detracts from their reliability. Wigmore, Evidence, § 1362 (3rd ed., 1940).

Under an indictment for grand larceny the value of the property alleged to have been stolen must be es-

tablished beyond a reasonable doubt to support a conviction. See *Rogers* v. *State,* 248 Ark. 696, 453 S. W. 2d 393 (1970). Since the testimony of Fred Pearson as to the value of the vehicle would be inadmissible as hearsay, and since the record is void as to any further evidence which might indicate the fair market value of the truck, the evidence fails to support a verdict of guilty of grand larceny. This court has said, "Without proof of value of stolen property there can be no conviction for larceny." *Ware* v. *State,* 33 Ark. 567 (1878).

The issue involved in appellant's second point may arise at a new trial. It is argued that the court erred in refusing to give appellant's requested instruction on the offense of joy riding or trespass. The State answers that contention by pointing out that there is no testimony in the record which would justify any such instruction. In the case of *Hall* v. *State,* 242 Ark. 201, 412 S. W. 2d 603 (1967), the appellant Hall requested similar instructions which were refused. This court said that the trial court was justified in refusing defendant's requested instructions where there was no testimony to support his purported intention to deprive the owner of the car temporarily without intent to steal it. The trial court under the present facts properly refused Courtney's request for the same reasons stated in *Hall.*

Reversed.

FOGLEMAN, J, not participating.