Rickie Dean COX v. STATE of Arkansas

CR 78-130                                    573 S.W. 2d 906

Opinion delivered November 20, 1978
(Division I)
[Rehearing denied January 8, 1979.]

*Laster & Lane, Ltd.,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury convicted appellant of aggravated robbery and his punishment was assessed, as a habitaul criminal, at ten years in the Department of Correction. For reversal appellant asserts the court erred in overruling his objection to certain questions propounded to him on cross-examination.

Appellant, testifying in his behalf, admitted making a written statement indicating that he took part in the alleged robbery of a liquor store. However he denied the truth of the admissions in his statement. During cross-examination, the deputy prosecutor asked him whether he had written another statement on the same day.[1] Appellant's counsel objected, stating that the matter was not before the court and that the mention of another statement before the jury was prejudicial. Counsel requested a cautionary instruction "about anything else" appellant had written. The court then instructed the jury to disregard the deputy prosecutor's question. Thereupon appellant's counsel moved for a mistrial which the court overruled.

It is argued that this procedure did not meet the admissibility requirements of Ark. Stat. Ann. § 28-1001, Rule 608 (b) (Supp. 1977), which provides in pertinent part:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on

---

[1] At the *Denno* hearing, the testimony showed that appellant had made a separate statement on the same day about his complicity in another robbery.

cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, . . . .

Even if it be said that this cross-examination did not comport with Rule 608 (b), we find no error. We have repeatedly said that a mistrial is an extraordinary remedy, one which is proper only if "justice could not be served by continuation of the trial" or if an error is so prejudicial that its effect could not be cured by admonition of the jury. *Gammel & Spann* v. *State*, 259 Ark. 96, 531 S.W. 2d 474 (1976); *Russey & Way* v. *State*, 257 Ark. 570, 519 S.W. 2d 751 (1975). Here appellant was only asked if he had written another statement on the same day. There was no indication it referred to another and separate offense. Appellant's objection was sustained and the court instructed the jury to disregard the question as to whether appellant had made another statement. The matter was pursued no further. In the circumstances, we perceive no prejudicial error in refusing a mistrial.

Also, during cross-examination, the deputy prosecutor asked appellant if he was guilty of another robbery on the same date. The appellant responded, "No, sir." Appellant's counsel then noted his objection which the court overruled. Again appellant argues that this procedure does not comport with Rule 608 (b), *supra*. In *Duncan* v. *State*, 260 Ark. 401, 541 S.W. 2d 926 (1976), we observed:

At the retrial the newly adopted Uniform Rules of Evidence will be in force, because new procedural statutes ordinarily apply to pending cases. (Cite omitted.) Rules 608 and 609 make changes in the law with regard to proof of specific instances of prior conduct on the part of the witness and with regard to prior convictions. Ark. Stat. Ann. § 28-1001, Rules 608 and 609, effective July 1, 1976.

In the case at bar, these rules were in effect at the time of trial. Clearly this type of question was impermissible here. Rules 608 and 609, *supra*. Therefore, cases which predate these rules and permit this question here are not longer applicable. However, we hold that since there was a negative answer to this isolated question, prejudicial or reversible

error is not demonstrated. See *Langston* v. *State,* 348 So. 2d 273, *cert. den.* 348 So. 2d 277 (Ala. 1977).

Appellant also argues that Rule 608 (b) requires the court, in determining the admissibility of evidence of specific instances of conduct, to make findings or statements of fact upon sustaining or overruling an objection. Otherwise, this court will be put "in the position of having to read the trial court's mind in determining whether his ruling on admissibility was or was not an abuse of his discretion." We do not so construe such a requirement in this rule and, therefore, find no merit in this contention.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOWARD, JJ.

