Roger WILLIAMS *v.* STATE of Arkansas

CA CR 87-42                                      739 S.W.2d 174

Court of Appeals of Arkansas
Division I
Opinion delivered November 11, 1987

*White & Salamo*, by: *Michael R. Salamo* and *Esther M. White*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from the Washington County Circuit Court. Roger Williams appeals his conviction for delivery of a controlled substance. We reverse and remand for a new trial.

Appellant was charged with four counts of delivery of a controlled substance in violation of Arkansas Statutes Annotated § 82-2617 (Supp. 1985), for delivering marijuana to undercover

police officers. At trial, the jury returned not guilty verdicts as to counts one, two, and four and a verdict of guilty as to count three. Appellant was sentenced to ten years in the Arkansas Department of Correction as a habitual offender under Arkansas Statutes Annotated § 41-1001 (Supp. 1985).

For reversal, appellant raises the following arguments: (1) the trial court erred in refusing defendant's requested jury instruction for duress, and (2) the trial court erred in allowing the State to cross-examine appellant on his prior convictions, sentence received, and actual time served. We address his points in order.

At trial, appellant testified that a police department informant had coerced him into delivering the marijuana to the undercover police officers. In support of his contention, appellant presented evidence that: the State's informant and appellant served time in prison together; the informant had stabbed and seriously injured others in the presence of appellant for not doing what the informant told them to do; appellant was black; the informant was a member of the Aryan Society and signified his membership by the number "666" tattooed between his eyes; the Aryan Society is a white racist group known for violence and identified by the tattoo; the informant had made demands upon the appellant which excited fear in appellant and his wife; and appellant attempted to avoid the informant but the informant was constantly able to track him down. Appellant's wife also testified that the informant would make uninvited visits to their house and initiate discussion regarding how he liked to stab people when they failed to do what he wanted. Testimony was elicited from witnesses for both sides as to the frightening appearance of the informant. Other testimony ranged from a police officer's testimony that he wouldn't be surprised to hear that the informant had stabbed someone for failing to do what he wanted, to testimony from a former Razorback football player that although the informant weighed 25-35 pounds less than the witness, the witness would not want to mess with the informant. At the close of all evidence, instructions were read to the jury which included an instruction on entrapment but omitted defendant's instruction on duress.

In refusing the requested instruction for duress, the

trial court stated that since it was admitted that the informant was acting in concert with or at the direction of the police, the duress instruction would be repetitious and had merged into the instruction on entrapment. While we agree that the trial court is not required to give requested instructions where sufficiently covered by other instructions given, *Cobb* v. *State*, 265 Ark. 527, 579 S.W.2d 612 (1979), we find basic differences between the entrapment instruction and the duress instruction. In *Hill* v. *State*, 253 Ark. 512, 487 S.W.2d 624 (1972) the supreme court held that even if an instruction could be said to have covered the matter in a general way, it is reversible error to refuse to give a specific instruction correctly and clearly applying the law to the facts of the case, unless no prejudice resulted. *See also, Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984), *cert. denied*, 470 U.S. 1085 (1985).

The entrapment instruction as read charged the jury that entrapment is an affirmative defense if appellant proves:

> that a law enforcement officer or any person acting in cooperation with him induced the commission of the offense by using persuasion or other means likely to cause a *normally law abiding person* to commit the offense. Conduct merely affording a person the opportunity to commit an offense does not constitute entrapment. (Emphasis added).

Appellant's requested instruction would have charged the jury that duress is an affirmative defense if:

> appellant engaged in the conduct charged because he reasonably believed he was compelled to do so by the threat or use of unlawful force against his person or the person of another that an individual of ordinary firmness in Roger Williams' situation would not have resisted.

> Duress is not a defense if Roger Williams recklessly placed himself in a situation in which it was reasonably forseeable that he would be subjected to the force or threatened force.

Jury instructions must fully and fairly declare the law applicable to any defense as to which the appellant has offered sufficient evidence to raise a question of fact. *Hill*, 253 Ark. at

520, 487 S.W.2d at 630. The defense of duress does not require that the defendant be a "normally law abiding person." Duress requires only that an individual of ordinary firmness would have acted in the same manner as the defendant did. Although other elements of entrapment are similar to those for duress, requiring the jury to apply the standard of the "law abiding person" rather than the "individual of ordinary firmness" resulted in prejudice to the appellant, because of evidence produced that appellant was a convicted felon. Furthermore, the duress instruction specifically informs the jury that it may consider compulsion by use or threat of unlawful force and allows the jury to consider the defendant's fear with regard to others, as well as himself.

■■  The State contends that appellant was not entitled to the instruction on duress, because he failed to carry his affirmative burden of showing an immediate threat of harm. In *Hill* v. *State*, 13 Ark. App. 307, 683 S.W.2d 628 (1985) we held that where no evidence exists to support the giving of an instruction, it is not error to refuse to give it. Appellant testified at length to the circumstances surrounding the sale which might support a defense of duress. In our opinion, appellant's testimony regarding the informant's history of unprovoked violence, informant's statements concerning his desire to stab people who would not do what he wanted them to do, and his repeated expression "I kill you" was sufficient to raise a question of fact for the jury, and appellant was therefore entitled to an instruction which fully and fairly declared the law applicable to the defense of duress. *Hill* v. *State*, 253 Ark. 512, 487 S.W.2d 624 (1972). Refusal of the instruction constituted reversible error.

Appellant also argues that the trial court improperly allowed the State to cross-examine the appellant on his prior convictions, sentence received, and actual time served. Because the issue is unlikely to arise at trial on remand, we find it necessary to treat the argument only summarily.

■■  Evidence that the appellant had previous convictions was admissible for the purpose of attacking his credibility. A.R.E. Rule 609. On cross-examination, appellant testified that he had three prior convictions within the past ten years. Appellant's counsel objected when the State asked the appellant where he was in 1977. The trial court overruled the objection and

appellant answered that he was in prison. Over objection, when asked his date of release, appellant answered that he could not remember and the State did not pursue the matter. Although the question regarding his release was impermissible under the evidentiary rules, the answer given by the defendant told the jury nothing about the length of his sentence. We find no prejudice resulting therefrom. Where a defendant gives a negative answer to an isolated, impermissible question, prejudicial or reversible error is not demonstrated. *Cox* v. *State*, 264 Ark. 608, 573 S.W.2d 906 (1978). Likewise we find no prejudice resulting from cross-examination regarding appellant's early release and probation where appellant testified on direct examination that he had been in jail with the informant.

Reversed and remanded.

COOPER and MAYFIELD, JJ., agree.