Johnny Lee ASHER *v.* STATE of Arkansas

CR 90-60                                          795 S.W.2d 350

Supreme Court of Arkansas
Opinion delivered September 10, 1990
[Rehearing denied October 8, 1990.]

*Jennifer Morris Horan*; for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

OTIS H. TURNER, Justice. While operating a pick-up truck, the appellant suffered an epileptic seizure resulting in a single-vehicle accident. An employee of a nearby business witnessed the event and, after arranging for an ambulance, went to the vehicle to assist the appellant, who was semi-conscious and bleeding from a severe head laceration.

Emergency medical personnel were at the scene when two police officers arrived. The appellant, who was in need of medical attention, was removed from the truck and taken by ambulance to the hospital.

The police officers conducted routine traffic-accident procedures and called a tow truck to remove the vehicle. Prior to the arrival of the tow truck, the officers conducted an inventory search of items located in the appellant's vehicle. In the course of the inventory, they found a plastic pill bottle stuffed with two baggies containing a brownish powder and a third baggie containing a white powder. Tests subsequently revealed the contents to be controlled substances. The officers also discovered a handgun and a shotgun in the vehicle. It was later determined that the appellant was a felon.

The appellant was charged with two counts of illegally possessing a firearm and two counts of possession of a controlled substance with intent to deliver. At trial, he was convicted, and the trial court followed the jury's recommendation of a sentence totaling 42 years imprisonment and a $40,000 fine.

For reversal, the appellant asserts three errors: first, that the search of the appellant's truck was accomplished illegally; second, that a previously undisclosed state's witness, Linda Kaiser, was improperly permitted to testify in rebuttal; and third, that the state's cross-examination of the appellant's wife, Marilyn Asher, was improperly conducted.

We find that none of the issues asserted by the appellant constitutes reversible error, and we therefore affirm the convictions.

With regard to point one — the search of the vehicle — the

record clearly establishes that the appellant was removed from the scene in a semi-conscious state and that his condition was such that the officers made no attempt to talk to him at that time. The vehicle was removed from the accident site to be placed in the custody of the police or third parties. It is imperative under such circumstances that an inventory search be made to protect the owner's property and to insure against claims of lost, stolen, or vandalized property. The United States Supreme Court has recognized that these interests may be found to outweigh the individual's Fourth Amendment interests requiring a warrant prior to search. *Colorado* v. *Bertine,* 479 U.S. 367 (1987).

The facts here are somewhat analogous to those in *Snell* v. *State*, 290 Ark. 503, 721 S.W.2d 628 (1986), where the appellant was taken from the scene to a hospital following a gun battle with the police. In those circumstances we held that the search of Snell's vehicle was a proper inventory search.

We hold that in this instance the search of the appellant's vehicle was a proper inventory search authorized by A.R.Cr.P. Rule 12.6(b).

The appellant next contends that the state was improperly permitted to call an undisclosed eyewitness in rebuttal.

The state produced evidence that the handgun was found in a "pouch" located at the front of the seat on the driver's side. The appellant called a witness, Jack Prine, to prove that Prine had borrowed the appellant's vehicle and that the guns belonged to the witness and that he had, unknown to the appellant, left the firearms in the appellant's vehicle. The defense carefully examined both prosecution and defense witnesses in an attempt to show that the weapons were not in plain view and that the appellant could not have noticed them.

On rebuttal, the state called Linda Kaiser, an employee of a business located near the scene of the accident. The state had not listed Kaiser as a witness in its response to discovery and did not call her as a witness during the presentation of the prosecution's case-in-chief.

Kaiser testified that she went to the vehicle immediately following the accident in order to see if an ambulance was needed. She saw a handgun in plain view in the seat pouch on the driver's

side. Clearly, this testimony could have been produced by the state in its case-in-chief. However, that fact alone does not preclude its introduction on rebuttal if the testimony serves to refute evidence raised by the defense. *See Birchett v. State*, 289 Ark. 16, 708 S.W.2d 625 (1986).

The state proved the weapons were found in the defendant's possession — in his truck. The defense to this proof was a lack of knowledge of the presence of the weapons on the part of the accused. It was then proper rebuttal for the state to counter that defense by showing that the handgun was in plain view.

In *Harper v. State,* 17 Ark. App. 237, 707 S.W.2d 332 (1986), the Arkansas Court of Appeals, upholding a felon-in-possession-of-a-firearm conviction, stated: "The evidence is sufficient if it is shown, by either direct or circumstantial evidence, that the appellant had the right to exercise control over the object." In arriving at its decision, the court of appeals properly analogized *Glover v. State,* 273 Ark. 376, 619 S.W.2d 629 (1981), and *Cary v. State,* 259 Ark. 510, 534 S.W.2d 230 (1976), opinions discussing constructive possession of controlled substances.

Rebuttal witnesses need not be disclosed in response to discovery requests. *Wainwright v. State*, 302 Ark. 371, 790 S.W.2d 420 (1990); *Parker v. State*, 268 Ark. 441, 597 S.W.2d 586 (1980). The admission of the testimony of Linda Kaiser as a rebuttal witness under the circumstances of this case was not error.

The appellant's third point for reversal concerns the cross-examination of Marilyn Asher, the appellant's wife. This point gives cause for concern, but upon a close examination of the record, we conclude that, though the questioning was improper, there exists no reversible error.

During cross-examination the following exchange occurred:

Q: Let me ask you this. On October 3, 1988, were you in possession of a number of stolen guns in a fake wall in your bedroom?

A: Not to my knowledge.

Q: You didn't have any knowledge of that wall being there

and those guns behind it?

A: No.

DEFENSE COUNSEL: I am going to object Your Honor and move for a mistrial. . .

THE COURT: Bailiff, would you take the jury out. . . .

Out of the jury's hearing, defense counsel moved again for a mistrial on the grounds that the questions concerned criminal activity that allegedly occurred *after* the incident giving rise to the pending charges against the appellant and, further, that the questioning was inflammatory and prejudicial.

No rule of evidence permits this line of questioning, and the questions addressed to the witness were patently improper. However, to preserve a point for review, a proper objection must be asserted at the first opportunity after the matter to which objection has been made occurs. A.R.C.P. 36.21; *Boone* v. *State*, 282 Ark. 274, 668 S.W.2d 17 (1984). In this instance, that first opportunity occurred when the question was first asked and before it was answered.

Even if the objection had been timely made, under the circumstances we do not believe that the defendant was prejudiced. The witness gave a negative answer to the question. An isolated and impermissible question, though technically error, does not necessarily dictate a reversal. *Bussard* v. *State*, 295 Ark. 72, 747 S.W.2d 71 (1988). *See also Cox* v. *State*, 264 Ark. 608, 573 S.W.2d 906 (1978). We will not reverse for error that does not affect the essential fairness of a trial. A litigant is entitled to a fair trial, not a perfect one. *Scherrer* v. *State*, 294 Ark. 237, 742 S.W.2d 877 (1988).

Affirmed.