Tracy Lamar DANIELS *v.* STATE of Arkansas

CR 91-249                                              821 S.W.2d 778

Supreme Court of Arkansas
Opinion delivered January 21, 1992

54

*Wallace & Hamner*, by: *Dale E. Adams*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Jeff Vining*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. On July 18, 1990, the appellant, Tracy Daniels, was convicted of the offense of theft of property and sentenced to a suspended imposition of sentence for a period of three years, conditioned upon compliance with written rules of conduct, with Act 346 of 1975 to apply. Daniels contends on appeal that the evidence is insufficient to sustain his conviction. We disagree, and therefore affirm.

On November 27, 1989, Daniels and co-defendants Ray Gene Crutchfield and Rhonda Lynn Hill were charged by felony information with the crime of theft of property. Crutchfield subsequently pleaded guilty; Daniels and Hill both waived their right to a jury trial and were tried before the court on July 12, 1990.

Before considering appellant's arguments, we mention the

manner in which the appellant's and Hill's cases were tried because it had some bearing on certain evidentiary objections he made. When appellant and Hill appeared in court on July 12, appellant initially attempted to enter a plea of guilty to hindering apprehension or prosecution. After the court went through its litany of questions required when accepting a plea, the appellant changed his mind, withdrew his plea and agreed to be tried by the court at the same time as Hill. Hill's counsel then interposed the affirmative defense of duress, claiming the appellant forced her to participate in the convenience store theft. On this same date, the state proceeded to present its case against the appellant, and at the end of the state's case, appellant moved to dismiss based upon insufficiency of evidence. The court denied appellant's motion, and the state then proceeded with its case against Hill. At the close of Hill's case, the appellant renewed his earlier motion to dismiss, which the trial court again denied before finding both appellant and Hill guilty of theft.

The foregoing trial procedure causes some confusion when reading the record, especially when pondering such arguments by appellant that Hill's confession is of no evidentiary value against him and that the state's evidence must be judged as to its sufficiency at the time of appellant's first motion to dismiss. Even accepting appellant's view as to when the state's evidence should have been considered by the trial court, we conclude the state's accomplice testimony showed that not only the theft occurred, but also described how the appellant, Hill and Crutchfield planned and committed the crime.

While appellant objected to the introduction of Hill's written confession because it implicated him as a co-defendant, the trial court only admitted the confession into evidence after it had been properly edited to omit any reference to the appellant. *See Moore v. State*, 297 Ark. 296, 761 S.W.2d 894 (1988). Also, Ken Armstrong, the convenience store manager, testified that Hill had notified him of the theft of some "thousand and some odd dollars" and Officer Richard Ward related his investigation revealed the theft took place around 8:30 or 8:45 p.m. on October 28, 1989. Both men further testified that Hill subsequently changed her story and Armstrong said that Hill related that her boyfriend (appellant) and a "younger fellow" (Crutchfield) had planned the theft. She further said that the appellant called her

from a pay phone to make sure nobody was in the store. Afterwards, Crutchfield alone came into the store to get the money and then left the store, entered appellant's car and the two drove away. After Armstrong fully testified to Hill's version of what occurred, appellant objected on the grounds such testimony was hearsay and inadmissible in his case. While the trial judge agreed to take note of appellant's objection, no ruling was made. In any event, in order to preserve an issue for appeal, an objection must be made at the trial court level at the first opportunity to do so. *Asher v. State*, 303 Ark. 202, 206, 795 S.W.2d 350, 352 (1990). Here appellant objected long after Armstrong's testimony was fully presented. Therefore, Armstrong's testimony was properly before the court for its consideration of appellant's case.

■ Appellant's main argument is that the state's corroborating evidence was insufficient to show he had any connection with the convenience store theft. The well-settled test for determining the sufficiency of corroborating evidence is whether, if the testimony of the accomplice were totally eliminated from the case, the other evidence independently establishes the crime and tends to connect the accused with its commission. *Henderson v. State*, 279 Ark. 435, 652 S.W.2d 16 (1983). The corroborating evidence may be circumstantial and may be furnished by the acts, conduct, declarations or testimony of the accused. *Id*.

As we have discussed above, the state's evidence through Armstrong's testimony and Hill's redacted written confession clearly showed the theft occurred, and appellant's suggestion to the contrary is meritless. Thus, appellant's argument is narrowed to whether the state's other evidence tended to connect appellant with the theft, and we conclude it does.

Officer Bouwknegt testified that after Hill confessed, he drove her to 44 Eastgate in North Little Rock where she said the stolen money was located. She got out of the police car, went to and knocked on the door of the house and returned with a brown purse containing the money. She recovered nine hundred and three dollars, the approximate sum taken in the theft. The recovery of the money took place within five and one-half hours after the theft. Bouwknegt further testified that the appellant had given the 44 Eastgate address as his home and residence.

■■ Possession of stolen property by the accused has been

held as a proper circumstance to consider in determining whether there was evidence tending to connect him with the crimes of burglary and grant larceny. *Klimas* v. *State*, 259 Ark. 301, 534 S.W.2d 202 (1976). This court has held that stolen goods recovered from a dwelling shared by an accomplice is not sufficient corroboration standing alone. *Olles & Anderson* v. *State*, 260 Ark. 571, 542 S.W.2d 755 (1976); *Cockrill* v. *State*, 256 Ark. 19, 505 S.W.2d 204 (1974). But no evidence exists in the present case that in any way indicates appellant shared his residence at 44 Eastgate with anyone except his mother, who in no way was implicated in the convenience store theft.

Appellant argues Bouwknegt conceded he did not know where appellant lived or who was in the residence at 44 Eastgate when Hill retrieved the money. He even suggests Crutchfield might have taken the stolen money to the 44 Eastgate house. Appellant's suggestion concerning Crutchfield's possible residence at this house is sheer speculation and the remainder of his arguments ignore the fact that the appellant gave 44 Eastgate as his residence. The trial court clearly was free to accept appellant's statement concerning his residence as being true, and obviously did so. Given the fact that Hill retrieved the aforementioned money from appellant's residence only a short period after the convenience store theft, we believe the trial court correctly ruled the evidence, albeit circumstantial, tended to corroborate appellant's connection with the crime.

For the above reasons, we affirm.

HOLT, C.J., and NEWBERN, J., dissent.

JACK HOLT, JR., Chief Justice, dissenting. I disagree with the majority's analysis of this case.

Arkansas Code Ann. § 16-89-111(e)(1) (1987) addresses evidence at trial in general and provides that "[a] conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof."

In *Henderson* v. *State*, 279 Ark. 435, 652 S.W.2d 16 (1983), we noted that the testimony of an accomplice must be corrobo-

rated by other independent evidence which tends to connect the defendant with the commission of the crime; it is not sufficient to prove that the crime was committed and the circumstances of the crime. The test for determining the sufficiency of corroborating evidence is whether, if the testimony of the accomplice were totally eliminated from the case, the other evidence independently establishes the crime and tends to connect the accused with its commission. Corroboration must be evidence of a substantive nature since it must be directed toward proving the connection of the accused with the crime and not directed toward corroborating the accomplice's testimony; in addition to being substantive, the corroborating evidence must be substantial. Substantial evidence is stronger evidence than that which merely raises a suspicion of guilt; it is evidence which tends to connect the accused with the commission of the offense charged; however, it is something less than that evidence necessary in and of itself to sustain a conviction. The corroborating evidence may be circumstantial, but it must be of a material nature and legitimately tend to connect the accused with the commission of the crime, and it may be furnished by the acts, conduct, declarations, or testimony of the accused.

In this case, the State presented three statements made by Hill, Daniels' co-defendant. Hill's first statement was oral and exculpatory. Hill's second statement was written and stated as follows:

> Last night the, twenty-seventh, me and (blanked out) and Ray were kidding. Ray got serious about it. (Blanked out) and Ray came into the store and (blanked out) called me on the pay phone and said he was scared after I told him I was scared. He said Ray was in the car. Ray came in and gave me a sack and to the money and left.

Hill's third statement, two hours later, was also written and stated as follows:

> Ray Crutchfield told me where the money was at. I, Rhonda, went and asked where it was and he said over at (blanked out) mother's. Rhonda Hill, Sgt. Poe and myself, Sgt. Bouwknegt, went over to North Little Rock to (blanked out) mother's house. I, Rhonda Hill, run up and got the money. I brought it back and give it to Sgt. Bouwknegt.

The State also presented the testimony of Sgt. Bouwknegt, who stated that he went with Hill to 44 Eastgate in North Little Rock and watcher her as she went up to the residence, knocked on the door, went inside, and returned with a brown purse containing money. Sgt. Bouwknegt further testified that Daniels gave 44 Eastgate as his home address when he was arrested. According to his records, Sgt. Bouwknegt stated that Daniels' mother lived at the residence, but that he did not know if anyone else lived there, particularly Daniels.

To test the sufficiency of the corroborating evidence in this case, we eliminate the testimony of Rhonda Hill, the accomplice, and determine whether the corroborating evidence is sufficient. *Henderson* v. *State, supra* (citing *King* v. *State*, 254 Ark. 509, 494 S.W.2d 476 (1973)). By Officer Bouwknegt's own admission, he did not know whether Daniels lived at the address where Hill retrieved money in an amount approximating the amount stolen from the convenience store.

Daniels was arrested at 12:30 a.m. on the same night as the reported incident, and Officer Bouwknegt went to 44 Eastgate with Hill at 2:00 a.m. There is no indication who was inside the house, if anyone, when Hill retrieved the money, nor is there testimony as to who placed the money in the residence. Indeed, we are left with nothing more than circumstance that money in an amount approximating the amount stolen from the convenience store where Hill worked was recovered from the residence of Daniel's mother, the address which Daniels listed as his home address at the time of his arrest.

This fact, standing alone, is not sufficient corroboration. *See generally Olles & Anderson* v. *State*, 260 Ark. 571, 542 S.W.2d 755 (1976) (the mere fact that stolen property was found, after the accused had been incarcerated on another charge for several days, in a house jointly occupied by the accused and one who is an accomplice in its theft is not sufficient corroboration of the testimony of the accomplice.) It is just as consistent with the evidence presented that Crutchfield stored the money, since he was the one who actually took it from Hill, at Daniels' mother apartment.

Consequently, I respectfully dissent.

NEWBERN, J., joins in this dissent.