Michael Darrell BENSON *v*. STATE of Arkansas

CR 99-1455                        30 S.W.3d 731

Supreme Court of Arkansas
Opinion delivered November 16, 2000

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Sandy Moll*, Ass't Att'y Gen., for appellee.

LAVENSKI R. SMITH, Justice.    Michael Darrell Benson appeals his conviction in Pulaski County Circuit Court for possession of firearms as a convicted felon. Benson asserts that the trial court erred when it denied his motion to suppress evidence of a weapon found in the car Benson had been driving. Police arrested Benson for driving with a suspended license. Following the arrest, an inventory search of the car uncovered the weapon. Benson argues that the search of the car violated the Fourth Amendment in that police failed to comply with their own standards and proce-

dures in undertaking an inventory search incident to impounding his vehicle. We disagree and affirm.

*Facts*

While on patrol on February 22, 1999, at about 9:30 pm, Little Rock police officer Dwayne Chapman observed a car backed up to a wooden fence at South Oak Apartments near Kaufman Lumber Company. Behind the car, Officer Chapman saw a man with his hands up on the fence. According to Officer Chapman, the man appeared to toss something over the fence. Finding this somewhat suspicious, Officer Chapman and his partner, Officer Oberle, turned their car around to observe. However, by the time they got in place, the man at the fence had left the area. The car remained, but the man was gone. Moments later, the officers observed the person on the other side of the fence climbing back over to get to his car. Apparently he had climbed over the fence and gone into the apartment complex. The man went back to the car, started it, and drove toward the officers. Officers Chapman and Oberle called for back up and pulled over the car.

Officer Jeff Thompson arrived to assist. The officers determined appellant was driving on a suspended driver's license, and Officer Thompson took custody of appellant. The officers also detained Benson because they were concerned about what may have occurred at the apartment complex. Appellant identified himself and told the officers that the car belonged to his wife, and that they lived in the South Oak Apartments. He also told them she was home at that time. The officers's check on Benson's license indicated the car was registered to a woman living in the apartment complex. Officers Chapman and Oberle then left appellant with Officer Thompson and went to the apartment complex where they found the owner of the car, who confirmed that she was appellant's wife. The officers found all in order at the apartment complex.

Meanwhile, Officer Thompson undertook an inventory search of the car incident to impoundment. Existing police procedure required mandatory impoundment of cars driven by persons driving on suspended licenses. Officer Thompson testified that they always impound the car when a driver's license has been suspended. According to Thompson, they were operating according to depart-

mental guidelines and under Municipal Judge Fleming's court order when they impounded and then searched appellant's car. He also testified it was departmental policy to impound a vehicle as a last resort, and that it would not be impounded if the driver could make an alternate disposition of the vehicle. When appellant's wife arrived, the officers released the car to her rather than have it towed to an impoundment facility.

On April 19, 1999, the Pulaski County Prosecuting Attorney charged Benson with violation of Ark. Code Ann. § 5-73-103(a)(1), possession of a firearm by a convicted felon. Additionally, Benson was charged as an habitual offender, having four prior felony convictions. A Pulaski County jury found Benson guilty, and he was sentenced to six years in prison. Benson timely filed his notice of appeal. The court of appeals certified this case to us under Ark. Sup. Ct. R. 1-2(b)(3) as a case involving an issue of federal constitutional interpretation.

## Standard of Review

■ When a trial court's denial of a motion to suppress is challenged, our court makes an independent examination of the issue based on the totality of the circumstances and views the evidence in the light most favorable to the State. *Muhammad v. State*, 337 Ark. 291, 295, 988 S.W.2d 17, 19 (1999). We reverse only if the decision to deny the motion to suppress was clearly against the preponderance of the evidence. *Id.*; *Arnett v. State*, 342 Ark. 66, 27 S.W.3d 721 (2000).

On appeal, Benson essentially makes two arguments. First, he argues that the inventory search violated the police department's guidelines. Benson asserts the guidelines required that the police only impound as a last resort and that under the guidelines he should have been given an opportunity to make a legal disposition of the vehicle before it was impounded. Second, appellant argues that the impoundment was unreasonable under the Fourth Amendment. Benson contends that, as a warrantless search, there was no necessity the police take charge of the property. He alleges because appellant's wife lived nearby there was no necessity the police impound the car.

### Inventory Searches Incident to Impoundment

■ It is well settled that police officers may conduct a warrantless inventory search of a vehicle that is being impounded in order to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger. *Colorado v. Bertine,* 479 U.S. 367 (1987); *see also, Welch v. State,* 330 Ark. 158, 955 S.W.2d 181 (1997). An inventory search, however, may not be used by the police as a guise for "general rummaging" for incriminating evidence. *Florida v. Wells,* 495 U.S. 1 (1990); *Welch v. State, supra.* Hence, the police may impound a vehicle and inventory its contents only if the actions are taken in good faith and in accordance with standard police procedures or policies. *See Colorado v. Bertine, supra; Florida v. Wells, supra; Welch v. State, supra.* In *Welch v. State,* we clarified that these standard procedures do not have to be in writing, and that they may be established by an officer's testimony during a suppression hearing. In accordance with these principles, we have promulgated Ark. R. Crim. P. 12.6(b), which states that:

> A vehicle impounded in consequence of an arrest, or retained in official custody for other good cause, *may be searched* at such times and to such extent as is reasonably necessary for safekeeping of the vehicle and its contents.

(Emphasis added.) *Thompson v. State,* 333 Ark. 92, 97-98, 966 S.W.2d 901 (1998).

### Whether the impoundment violated internal police department policies

Officer Thompson stated the sole reason for the search was an inventory search incident to impoundment. Benson argues that the impoundment and search violated police policies, and under *Thompson v. State,* the search was thus illegal, and the evidence should be suppressed.

■ Benson points out that under Little Rock Police Department General Order 305(C)(1), issued July 1, 1997, the policy of the department was to impound vehicles "only as a last resort." Subsections (a) through (e) of the General Order provide specific conditions under which impoundment may be avoided. Relevant to these facts is subsection (a), which forbids impoundment where

other disposition can be made by the owner or driver. However, this provision does not apply to the impoundment in the instant case. The impoundment in the instant case was not discretionary but mandatory under paragraph 305(B)(2) of General Order. Paragraph 305(B)(2) incorporates into police procedures a mandatory impound order of the Little Rock Municipal Court issued December 22, 1998. This order was adopted as part of the guidelines as noted by a police department memorandum dated December 29, 1998. Specifically, paragraph 305(B)(2)(g), provides for mandatory impoundment where "Arkansas driver's license or privileges [are] suspended for any purpose (Ark. Code Ann. § 27-16-303)." We hold that the impoundment did not violate applicable police procedures.

After resolving the issue of the police procedures, we next address the validity of the search incident to the impoundment. Our precedent on inventory searches is clear. In *Thompson v. State,* we stated, "It is well settled that police officers may conduct a warrantless inventory search of a vehicle that is being impounded in order to "protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen or vandalized property, and to guard the police from danger."

■ Based upon the totality of circumstances and viewing the evidence in the light most favorable to the State we hold the search of the vehicle incident to its mandatory impound was not contrary to the preponderance of the evidence.

*Whether the impoundment violated the Fourth Amendment in that an alternative to impounding the vehicle should have been given*

■ Benson also argues the Fourth Amendment protection against unlawful search and seizure requires police to provide the driver of a car about to be impounded an opportunity to otherwise dispose of the vehicle and thus avoid an inventory search. The U.S. Supreme Court has rejected this argument. In *Colorado v. Bertine,* 479 U.S. 367, 373-374 (1986), the court stated,

> "The Supreme Court of Colorado also expressed the view that the search in this case was unreasonable because Bertine's van was towed to a secure, lighted facility and because Bertine himself could have been offered the opportunity to make other arrangements for the safekeeping of this property. But the security for the

storage facility does not completely eliminate the need for inventorying; the police may still wish to protect themselves or the owners of the lot against false claims of theft or dangerous instrumentalities. And while giving Bertine an opportunity to make alternative arrangements would undoubtedly been possible, we said in *Lafayette:*

> "[T]he real question is not what 'could have been achieved, but whether the Fourth Amendment *requires* such steps....' "

> "The reasonableness of any particular governmental activity does not necessarily or invariably turn on the existence of alternative 'less intrusive means.' " *Lafayette*, 462 U.S., at 647 (emphasis in original).

Citing to *Bertine,* 479 U.S. at 372, the Eighth Circuit Court of Appeals in *U.S. v. Agofsky,* 20 F.3d 866, 873 (1994), stated, "[N]othing in the Fourth Amendment requires a police department to allow an arrested person to arrange for another person to pick up his car to avoid impoundment and inventory." The Fifth Circuit Court of Appeals in *U.S. v. Skillern,* 947 F.2d 1268, 1275 (1991), following *Bertine,* also rejected the argument Benson now makes.[1]

■ In *U.S. v. Privett,* 68 F.3d 101, 104 (1995), the Fifth Circuit Court of Appeals refused to find clear error in the trial court's finding that an inventory search could be conducted even if the vehicle were to be towed to the residence of the arrested person because "the problem of security was the same whether the contents were inventoried prior to delivery of the conveyance to a third party wrecker driver or occupant of the vehicle." Benson asserts a Fourth Amendment right to be offered an opportunity to arrange for someone to dispose of the vehicle rather than allow it to be impounded and be subjected to the consequent inventory search. The Fourth Amendment provides no such protection.

Affirmed.

---

[1] We note the Supreme Court of Kansas seemed to find a Fourth Amendment right to have an opportunity to dispose of the vehicle rather than submit to its impoundment, but there is no reference to *Bertine,* and little discussion other than reference back to earlier Kansas cases. *State v. Teeter,* 249 Kan. 548, 819 P.2d 651 (1991).