The Honorable Mike Creekmore State Representative 814 West 7th Street Little Rock, AR 72201-4004
Dear Representative Creekmore:
I am writing in response to your request for my opinion on the following question:
 Currently, there are many different offenses that make it mandatory for an officer in Pulaski County to impound a vehicle when such offenses are found during a traffic violation. Some of the reasons for impoundment are very legitimate, but several do not seem severe enough to warrant such a punishment.
 Does a judge or county municipal court have authority to legislate these laws and put them into effect?
RESPONSE
As reflected in Ark. Op. Att'y Gen. No. 2001-320, which I am issuing simultaneously herewith in response to your companion request addressing various specific charges, a municipal judge is empowered in certain instances to order the impoundment of vehicles. Moreover, although the legislature does not appear to have expressly authorized a municipal judge to issue a standing order dictating that vehicles automatically be impounded upon issuance of specified traffic-related misdemeanor charges, the Arkansas Supreme Court has acknowledged such orders and invoked their entry as support for police impoundment and inventory searches of vehicles. Nevertheless, some legislative or judicial clarification regarding the basis for such orders appears warranted.
In A.C.A. §§ 27-50-1201 through -1211 (Repl. 1994 Supp. 2001), as amended by Act 1830 of 2001, the General Assembly has set forth in detail the circumstances under which the police may impound vehicles. The legislation defines in pertinent part as an "unattended" vehicle potentially subject to towing one that, "whether on public property, on or near a public way or otherwise, is subject to seizure by law enforcement under the Rules of Criminal Procedure or pursuant to lawful court order." A.C.A. § 27-50-1202(10)(G). Section 27-50-1207(a)(1) of the Code (Supp. 2001) provides that the police may impound vehicles only pursuant to a police department "written vehicle removal policy, the provisions of which shall not be in conflict with this subchapter."[1] Finally, A.C.A. §27-50-1207(e)(4) provides:
 If the vehicle and its contents are subject to impoundment or seizure by law enforcement pursuant to the Arkansas Rules of Criminal Procedure or pursuant to an order by any court, Rule 15 of the Rules of Criminal Procedure shall exclusively govern the release of the vehicle and its contents to the extent applicable.
At issue is whether a standing order requiring the impoundment of a vehicle for any specified offense would qualify as a "lawful court order" as referenced in A.C.A. § 27-50-1202(10)(G). I do not believe a municipal judge can order the impoundment of a vehicle when the legislature has expressly provided that the driver is to maintain custody. See A.C.A. §27-22-104 (authorizing impoundment of the license plate only in case of failure to provide proof of insurance); A.C.A. § 27-14-314 (authorizing impoundment by court order for operating unregistered vehicle only after two convictions within one year); Ark. Op. Att'y Gen. Nos. 2001-161 and 2001-320. However, assuming the legislature has not directly addressed the issue of impoundment attending a particular offense, the question remains whether a municipal judge can do so.
You suggest in your request that such action by the judge might amount to legislation by a judicial officer — conduct you apparently feel might violate the separation of powers requirement set forth at Ark. Const. art. 4, §§ 2 and 3. I do not agree that such an action by the municipal judge would be impermissible as an act of judicial legislation. In general, the separation-of-powers doctrine is far less rigidly observed at the local level than in state government. As noted in Laman v.McCord, 245 Ark. 401, 408, 432 S.W.2d 753 (1968) (Fogleman, J., concurring):
 The doctrine of separation of powers applied at the state level is not usually applied to municipal corporations and has never been regarded as fully appropriate in the performance of municipal functions. McQuillin, Municipal Corporations, §§ 9.20, 10.3; C.J.S. 489, Constitutional Law, § 106. It has not been the practice in Arkansas to separate these powers to any great degree.
In Coleman v. Watt, 40 F.3d 255 (8th Cir. 1994), the Eighth Circuit Court of Appeals addressed precisely this issue in the course of rejecting a federal constitutional challenge to a Pulaski County Municipal Judge's standing order directing the impoundment of cars upon citation for certain offenses.[2] The court observed:
 Coleman asserts that Judge Watt lacked the legal authority to issue such a sweeping order. We agree with the district court that this issue is not relevant to the resolution of Coleman's section 1983 action. A state's police power clearly extends to the enforcement of laws and regulations governing public safety on roads and highways, including vehicle registration, insurance requirements, and the licensing of drivers. Within the broad confines of the federal Constitution, a state may choose to allocate lawmaking authority among the three branches of state government as it sees fit. If Judge Watt acted outside the bounds of his statutory authority, it is a matter of state law for the state courts to address.
Id. at 262.
The passage just quoted is somewhat misleading in that it suggests that the state's freedom "to allocate lawmaking authority among the three branches" applies at the level of state government as well as local government — a proposition I consider questionable in light of the state-government separation of powers mandated by Ark. Const. art. 4, §§ 1
and 2. However, with respect to the authority of the state legislature to define the duties of a local municipal judge, I believe the passage accurately states the law.
The powers of a municipal judge are set forth at A.C.A. § 16-17-704, which provides in pertinent part:
 (a) The municipal court shall have original jurisdiction, coextensive with the county wherein the court is situated, over the following matters:
* * *
 (2) Exclusive of justices of the peace in townships subject to this subchapter and concurrent with the circuit court, over misdemeanors committed within the county and the issuance of search warrants within the county;
* * *
 (b) Municipal courts shall have jurisdiction to sit as examining courts, and to commit, discharge, or recognize offenders to the court having jurisdiction of the trial, and to bind persons to keep the peace or behavior.
In my opinion, it is highly questionable that affording a judge the power to hear misdemeanor cases and "to bind persons to keep the peace or behavior" carries with it an implied authorization to dictate impoundment policy to the police.[3] Nevertheless, the Arkansas Supreme Court has taken a different view of this matter. In Benson v. State, 342 Ark. 684,688-89, 30 S.W.3d 731 (2000), the court offered the following analysis in rejecting a claim that a vehicle had been impermissibly impounded and searched:
 Benson points out that under Little Rock Police Department General Order 305(C)(1), issued July 1, 1997, the policy of the department was to impound vehicles "only as a last resort." Subsections (a) through (e) of the General Order provide specific conditions under which impoundment may be avoided. Relevant to these facts is subsection (a), which forbids impoundment where other disposition can be made by the owner or driver. However, this provision does not apply to the impoundment in the instant case. The impoundment in the instant case was not discretionary but mandatory under paragraph 305(B)(2) of General Order. Paragraph 305(B)(2) incorporates into police procedures a mandatory impound order of the Little Rock Municipal Court issued December 22, 1998. This order was adopted as part of the guidelines as noted by a police department memorandum dated December 29, 1998. Specifically, paragraph 305 (B)(2)(g), provides for mandatory impoundment where" Arkansas driver's license or privileges [are] suspended for any purpose (Ark. Code Ann. § 27-16-303)." We hold that the impoundment did not violate applicable police procedures.
At no point in this passage does the court question that a municipal court can issue a standing impoundment order of the sort referenced in your request, although the court does appear to accept that the order must be formally incorporated by reference into the written vehicle removal policy.
In my opinion, then, so long as the substance of the standing order is included in the police's written policy, the order should be given effect. Whether the police are obliged to incorporate such an order into their written policy is another question. The court in Benson strongly implied, although it did not expressly state, that the "mandatory impound order" effectively obligated the police to incorporate the policy. As noted above, I find this problematic because a municipal judge's statutory charge does not appear to include issuing such orders — unless, of course, the legislature, in defining an "unattended vehicle" to include one "subject to seizure . . . pursuant to lawful court order," A.C.A. § 27-50-1202(10)(G) (Supp. 2001), might be deemed to have vested in municipal courts a new discretion to issue "lawful court orders" mandating impoundments. In my opinion, if this is what the legislature intended, it would be well advised to clarify that intention by amending the legislation.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] Subsection (2) of this statute further dictates:
 Any vehicle removal policy shall provide that owner preference as defined by this subchapter shall be offered to the owner, his or her agent, or to any competent occupant of any disabled or inoperative vehicle except in those instances where an emergency exists or where the immediate clearing of a public thoroughfare mandates an expedited towing service.
Subsection 27-50-1202(5) defines "owner preference" as "the right of the owner, his or her agent, or any competent occupant of any disabled orinoperative vehicle to request some responsible and reasonable person, gratuitous bailee, or bailee for hire of his or her choosing to take charge and care of the vehicle." (Emphasis added.) As pointed out in Ark. Op. Att'y Gen. No. 96-010, the highlighted language in this statute significantly restricts the "owner's preference" option, which does not apply to "unattended" vehicles.
[2] In Coleman, the court affirmed the trial court's denial of class certification and its dismissal of claims alleging an illegal seizure under U.S. Const. amend. 4 and an excessive fine under U.S. Const. amend. 8. The court remanded claims alleging denial of procedural and substantive due process under U.S. const. amend. 14. In Coleman v. Watt,
108 F.3d 1381 (8th Cir. 1997), the court affirmed without comment the trial court's rejection of the remanded claims.
[3] One might further be initially inclined to object that for a local official to impose mandatory impoundments would be impermissibly to enhance the penalties the legislature has adopted for violations of state law. See, e.g., A.C.A. § 27-14-314 (illustrating such enhancement by authorizing impoundment only following a second conviction for driving an unregistered vehicle). Although a municipality can itself prohibit conduct that already constitutes an offense under state law, it cannot fix a penalty for that conduct greater or lesser than that dictated by state law. A.C.A. § 14-55-502; see discussion in Ark. Op. Att'y Gen. No.97-061. However, even assuming impoundment can be characterized as an enhanced penalty, the legislature in this case has approved that enhancement by authorizing the police to adopt policies for the removal of vehicles not in conflict with the relevant subchapter of the Code. A.C.A. § 27-50-1207(a)(1).