The Honorable Mike Creekmore State Representative 814 West 7th Street Little Rock, AR 72201-4004
Dear Representative Creekmore:
I am writing in response to your request for my opinion on the following question:
 By the order of a county municipal court or judge, do local police officers have the legal right to impound a vehicle that:
1. is not covered by insurance;
2. has expired tags; or
3. is being operated by a person who has an expired driver's license?
RESPONSE
In my opinion, A.C.A. § 27-22-104 clearly precludes a municipal judge from ordering the impoundment of uninsured vehicles. Statutory and case law appear to conflict on the question of whether a municipal judge may order the impoundment of all vehicles driven with expired tags. Finally, I believe the police, pursuant to a written removal policy, may impound all vehicles operated by unlicensed drivers. Although the General Assembly does not appear by express legislation to have empowered a municipal court to order the police to adopt such a written removal policy, the Arkansas Supreme Court has affirmed the legitimacy of a written police policy crafted in response to such a standing order.
In the attached Ark. Op. Att'y Gen. No. 2001-161, I concluded that police officers cannot rely on a municipal judge's standing order as a basis for impounding a car not covered by insurance. Without reproducing my analysis, I will simply note that any such order would directly contravene the provisions of A.C.A. § 27-22-104, which authorizes only the impoundment of the vehicle's license plate. See Hoey v. State,73 Ark. App 118, 122 n. 1, 42 S.W.3d 564 (2001) (improper to impound vehicle for failure to provide proof of insurance); Howe v. State,72 Ark. App. 466, 39 S.W.3d 467 (same).
With regard to the issue of driving with expired tags, A.C.A. § 27-14-314
provides for fines for operating a vehicle more than 60 days after the period for registering it. Subsection (b)(1) of this statute provides:
 If a person is convicted of two (2) offenses under subsection (a) of this section within one (1) year, the court may order that the unregistered vehicle be impounded until proof of motor vehicle registration is made to the court.
This statute expressly provides that a vehicle driven with expired tags may be impounded only after two convictions for the offense within a year, and only then by court order. Although this statute would appear to preclude a municipal judge from issuing a standing order that cars with expired tags automatically be impounded, the case law supports a contrary conclusion. In State v. Sullivan, 340 Ark. 315, 318, 11 S.W.3d 526
(2000), the Supreme Court clearly stated that an officer might impound a vehicle due to failure to provide proof of insurance and registration. I am unable to reconcile this apparent contradiction between the statutory and case law.
With regard to the issue of driving without a license, A.C.A. § 27-16-303
(Supp. 2001) makes doing so illegal and sets forth a series of penalties. Section 27-19-704 of the Code further provides that a person convicted of driving without a license or registration may not be issued a license or registration without first providing proof of financial responsibility. Neither of these statutes nor any provision contained within the Motor Vehicle Safety Responsibility Act, A.C.A. § 27-10-101 etseq., expressly authorizes an officer to impound or a municipal judge to order impounded the vehicle of an unlicensed driver.
Notwithstanding the Code's silence on this issue, an officer is authorized to impound the vehicle of an unlicensed driver incident to an arrest. Pursuant to Ark. R. Crim. P. 4.1(a)(iii) (2001), "a law enforcement officer may arrest a person without a warrant if the officer has reasonable cause to believe that such person has committed . . . any
violation of the law in the officer's presence." (Emphasis added.) Moreover, case law suggests that impounding an unlicensed driver's vehicle might be warranted even in the absence of an arrest. In Thompsonv. State, 333 Ark. 92, 98, 966 S.W.2d 901 (1998), the court offered the following analysis:
 First, Thompson argues that Officer Walter did not have the authority to perform an inventory search because Benton County Policy 504 refers only to inventories of vehicles that are impounded pursuant to an arrest. However, Ark. R. Crim. P. 12.6, which is broader than Policy 504, allows an officer to impound a vehicle and inventory its contents for "any good reason." Moreover, our case law establishes that it is permissible for an officer to impound and inventory a vehicle when the driver is physically unable to drive the car, and leaving it on the side of the road would create a safety hazard. Asher v. State, 303 Ark. 202, 795 S.W.2d 350 (1990); Kirk v. State, 38 Ark. App. 159, 832 S.W.2d 271 (1992). The only difference between the case at hand, and Asher and Kirk is that Thompson was legally, not physically," unable" to drive his car because he did not have a valid driver's license. Finally, Officer Walter testified at the suppression hearing that it was a standard practice in his department to impound and inventory vehicles under such circumstances. For these reasons, we hold that Officer Walter was justified in impounding Thompson's vehicle and completing an inventory of its contents.
Accord Polk v. State, 72 Ark. App. ___, ___ S.W.3d ___ (October 31, 2001) (affirming drug conviction based on search of impounded vehicle operated by unlicensed driver). The fact of being unlicensed in itself thus constitutes a variety of "legal inability" sufficient to support impounding a vehicle. This conclusion is somewhat counterintuitive, since driving without a license would appear to pose less of a social threat than driving without insurance, which is permitted on a temporary basis. Nevertheless, Thompson clearly authorizes impounding an unlicensed driver's vehicle. Accord Benson v. State, 342 Ark. 684, 689,30 S.W.3d 731 (2000).
The question remains whether an impoundment, even if authorized, can be mandated by order of the municipal court. I have addressed this question at some length in Ark. Op. Att'y Gen. No. 2001-317, which I am issuing as a companion opinion hereto. Without repeating my analysis, I will note that neither the legislation setting forth the power of a municipal court, A.C.A. § 16-17-704, nor the legislation addressing the removal of unattended vehicles, A.C.A. §§ 27-50-1201 through -1211 (Repl. 1994 
Supp. 2001), appears to afford a municipal judge express authority to issue such orders. Nevertheless, the Arkansas Supreme Court has acknowledged with apparent approval the existence of such orders as the basis for the written vehicle removal policy each law enforcement agency is required to adopt pursuant to A.C.A. § 27-50-1207(a)(1) (Supp. 2001).See Benson, supra.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosures