Nedra G. BRATTON *v.* STATE of Arkansas

CA CR 01-765 72 S.W.3d 522

Court of Appeals of Arkansas
Division III
Opinion delivered April 17, 2002

*Hurst Law Office*, by: *Q. Byrum Hurst, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Nedra Bratton entered a conditional plea of guilty to a charge of possession of methamphetamine for which she was sentenced to a term of two years in prison. Bratton reserved her right to appeal the denial of her motion to suppress as permitted under Ark. R. Crim. P. 24.3(b). The only issue on appeal is whether the trial court erred in refusing to suppress evidence of contraband seized from her vehicle. Because the trial court's finding that the contraband was discovered in the course of a valid inventory is not clearly erroneous, we affirm.

State Trooper Jeff Crow was dispatched to investigate a one-car accident on Highway 7 south of Arkadelphia. A Clark County Deputy, Raymond Funderburk, was at the scene when Crow arrived. Appellant, the driver of the vehicle, had already been taken to the hospital by ambulance. There were no other occupants of the vehicle. Trooper Crow saw that the vehicle had left the roadway and had overturned, and he called a wrecker service to have the vehicle towed. When the wrecker arrived, the vehicle was righted and moved a short distance down the highway onto a county road. There, Crow conducted what he said was an inventory of the vehicle with the assistance of Officer Funderburk. Marijuana was found in a day-planner that was inside a backpack. A cosmetic case contained .267 grams of methamphetamine.

Trooper Crow testified that it was the policy of the state police to impound a vehicle involved in an accident and left unattended on the roadway. He said that the purpose of the inventory was to protect the owner's property found inside the vehicle and to protect officers from allegations of theft and the mishandling of

the vehicle's contents. A copy of the written policy was introduced into evidence.

Deputy Funderburk testified that the sheriff's department also had a policy to inventory impounded vehicles and that the policy required all containers to be opened. A copy of the Clark County Sheriff's Department policy was also introduced into evidence.

Based on the evidence, the trial court denied the motion to suppress, ruling that it was not unreasonable for the officers, coming upon this type of accident, to remove the vehicle to a safe location to conduct the inventory and that the inventory was accomplished in accordance with the written procedures.

On appeal, appellant contends that the inventory was invalid because the officers were searching the vehicle for the purpose of investigating the accident. Appellant bases this argument on a statement contained in Trooper Crow's accident report in which he said that he "conducted an inventory of the contents of the vehicle *and attempted to locate documents needed to complete the accident report.*" On this subject, Trooper Crow testified that it was not uncommon, in the course of conducting an inventory following an accident, for the driver's license, insurance papers, and other documents of ownership to be recovered as needed to complete an accident report. Appellant contends that the evidence reveals an investigatory motive for the search.

 We begin with the basic premise that all warrantless searches are unreasonable unless shown to be within one of the exceptions to the rule that a search must rest upon a valid warrant. *See Hoey v. State*, 73 Ark. App. 118, 42 S.W.3d 564 (2001). The so-called "inventory search" of an automobile is recognized as such an exception. *South Dakota v. Opperman*, 428 U.S. 364 (1976); *Izell v. State*, 75 Ark. App. 377, 58 S.W.3d 400 (2001). Pursuant to this exception, police officers may conduct a warrantless inventory search of a vehicle that is being impounded in order to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger. *Benson v. State*, 342 Ark. 684, 30 S.W.3d 731 (2000). An inventory search, however,

may not be used as a guise for "general rummaging to discover incriminating evidence." *Florida v. Wells*, 495 U.S. 1, 4 (1990). Hence, the police may impound a vehicle and inventory its contents only if the actions are taken in good faith and in accordance with standard police procedures or policies. *Thompson v. State*, 333 Ark. 92, 966 S.W.2d 901 (1998) (citing *Colorado v. Bertine*, 479 U.S. 367 (1987)). Finally, Rule 12.6 of the Rules of Criminal Procedure provides:

> A vehicle impounded in consequence of an arrest, or retained in official custody for other good cause, may be searched at such times and to such extent as is reasonably necessary for safekeeping of the vehicle and its contents.

■ ■ In reviewing a trial court's denial of a motion to suppress, we make an independent determination based on the totality of the circumstances and reverse only if the ruling was clearly against the preponderance of the evidence. *Hadl v. State*, 74 Ark. App. 113, 47 S.W.3d 897 (2001). We defer to the superior position of the trial court to determine the credibility of the witnesses. *See Shaver v. State*, 332 Ark. 13, 963 S.W.2d 598 (1998).

In *Kirk v. State*, 38 Ark. App. 159, 832 S.W.2d 271 (1992), an officer discovered contraband in a black box located in a wrecked vehicle while looking for registration papers. The State conceded that the officer's actions amounted to a search, and we said that we knew of no exception to the warrant requirement permitting a general search of a disabled vehicle for evidence of ownership, at least when the identity of the driver is known. We rejected the State's argument that the search could be justified under the inventory exception because there was no evidence in the record of any standard policy regulating the opening of closed containers. Without evidence of any standardized criteria, we reversed the trial court's denial of the motion to suppress.

■ In the case at bar, however, there was evidence of department policies regulating inventory practice and procedure, and the case more closely resembles *Welch v. State*, 330 Ark. 158, 955 S.W.2d 181 (1997). There, the appellant's vehicle was impounded following his arrest. The appellant argued that the

inventory was a mere pretext for a search because one of the officers admitted that he was also looking for guns in the vehicle. The supreme court observed that an officer's awareness that he might come upon pertinent evidence in the course of an inventory is not fatal. The court held that, in order to suppress an inventory search, a defendant must show that the police officers were conducting the inventory search in bad faith for the *sole* purpose of collecting evidence. The court upheld the search because there was evidence that the officers were following standard procedure and there was no proof that the investigatory purpose was the sole motivation for the search. *Accord Folly v. State,* 28 Ark. App. 98, 771 S.W.2d 306 (1989) (holding that where an inventory is otherwise permissible, its validity is not affected by a suspicion that contraband may be found).

██ The decision in *Welch* is consistent with the view of a number of courts that the presence of an investigatory motive, even if proven, does not invalidate an otherwise lawful inventory search. *United States v. Agofsky,* 20 F.3d 866 (8th Cir. 1994); *United States v. Lomeli,* 76 F.3d 146 (7th Cir. 1996); *United States v. Rodriguez-Morales,* 929 F.2d 780 (1st Cir. 1991); *United States v. Frank,* 864 F.2d 992 (3rd Cir. 1989); *United States v. Johnson,* 815 F.2d 309 (5th Cir. 1987); *State v. Ture,* 632 N.W.2d 621 (Minn. 2001); *State v. Huisman,* 544 N.W.2d 433 (Iowa 1996); *People v. Hauseman,* 900 P.2d 74 (Colo. 1995); *People v. Gee,* 33 P.3d 1252 (Colo. Ct. App. 2001). In gauging whether an officer's conduct is calculated to hide an improper motive, the officer's actions are judged under a standard of objective reasonableness. Under this approach:

> An officer's hope of finding incriminating evidence during an otherwise valid search does not, without more, indicate a pretextual motive for his or her conduct. Instead, 'the pretext arises out of the fact that the evidence is found in a search which would not have occurred at all but for the manipulation of circumstances and events by the police because of their desire to conduct a search which could not otherwise be lawfully made.' Thus, the inquiry must focus on the objective reasonableness of the officer's conduct, and the trial court must determine whether a reasonable officer in the particular circumstances of the case would have engaged in the challenged conduct absent an illegitimate motive.

*People v. Hauseman*, 900 P.2d 74, 79 (Colo. 1995) (citations omitted).

■ ■ Here, the appellant's vehicle was disabled, and the appellant had been transported to the hospital. Under these circumstances, the policies that the officers were working under mandated the impoundment of the vehicle and an inventory of its contents. It is permissible for an officer to impound and inventory a vehicle when the driver is physically unable to drive the car, and where leaving it on the side of the road would create a safety hazard. *Thompson v. State*, 333 Ark. 92, 966 S.W.2d 901 (1998). From an objective standpoint, the officer had a legitimate reason to impound the vehicle and inventory its contents. Furthermore, the inventory was conducted in accordance with established procedures. For these reasons we hold that the officer's interest in investigating the accident did not render his inventory an "unreasonable search" under the Fourth Amendment.

Affirmed.

STROUD, C.J., and GRIFFEN, J., agree.