Brandon J. Harrison, Judge, concurring. I agree with my colleagues' thorough opinion, which fairly recites the material facts and hews to the law. But there is a systemic (and therefore recurring) problem with the jury-instruction law in accomplice-liability cases that should be revisited by the Arkansas Supreme Court, perhaps through its 117Committee on Model Jury Instructions—Criminal. No party in this case raised the problem, but having reviewed this appeal I’m impelled to highlight it because it directly affects the administration of justice in accomplice-liability cases in which witness-corroboration issues arise. As my colleagues noted, the witness-corroboration rule asks whether other evidence independently establishes the crime, and tends to connect the accused with its commission, if the accomplice testimony was completely eliminated from the case. Daniels v. State, 308 Ark. 53, 821 S.W.2d 778 (1992). The defendant must prove that a witness is an accomplice whose testimony must be corroborated. Lloyd v. State, 332 Ark. 1, 962 S.W.2d 365 (1998). Under current Arkansas law, however, it appears that a defendant is not entitled to submit a disputed accomplice-status question to a jury on interrogatories. See Perry v. State, 2014 Ark. 535, 453 S.W.3d 650 (Baker & Hart, JJ., concurring). But how else can a defendant, the prosecution, and the courts know whether an alleged accomplice’s testimony had to be corroborated if the defendant cannot submit a “Do you, the jury, find that Person A was an accomplice” question to the jury on interrogatories and receive a “yes” or “no” answer in return? And how much more speculation is injected into a case when, as happened here, two disputed accomplice-status questions were presented to the jury (witnesses Aalseth and Campbell)? No definitive answer was ever returned by the jury on Aalseth or Campbell. Consequently, no one knows whether the jury decided that Aalseth was an accomplice, but not Campbell; or perhaps that Campbell was, but not Aalseth. Maybe the jury found that they both were accomplices. Maybe neither one was found to be an accomplice. Given that no one knows what the jury decided because a general instruction was used, a reviewing court cannot Inaccurately and fairly judge a defendant’s sufficiency-of-the-evidence challenge, for example, because it cannot determine whether and to what extent it must apply the witness-corroboration rule to the record on appeal. In contrast, permitting a defendant to submit a disputed accomplice-status issue to the jury using interrogatories in a manner that alleged accomplices can be separated from one another and the jury can answer “yes” or “no” in return on each one expressly reveals the jury’s decision. It is critical to receive a clear and express determination from the jury on a potentially case-altering point. The interrogatory process exchanges speculation for certainty. And it is a neutral practice, meaning no party gains an unfair advantage just because the trial record contains a clear and direct answer from the jury on an accomplice-status issue.